ANTHONY L. CANNON (CA Bar No. 162986)
**CANNON & NELMS**
160 S. Old Spring Road, Suite 200
Anaheim, CA 92808
Telephone: (714) 637-4400
Facsimile: (714) 637-4444
tcannon@cannonnelms.com

EDWARD P. WALKER (*Admitted Pro Hac Vice*)
JOHN W. O'MEARA (*Admitted Pro Hac Vice*)
**OLIFF & BERRIDGE, PLC**
277 South Washington Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 836-6400
Facsimile: (703) 836-2787
ewalker@oliff.com
jomeara@oliff.com

**Attorneys for Defendant,
Roger Cleveland Golf Company, Inc.**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE IRREVOCABLE TRUST OF ANTHONY J. ANTONIOUS, a Florida Trust,<br><br>         Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>ROGER CLEVELAND GOLF COMPANY, INC., a California Corporation,<br><br>         Defendant/Counterclaim Plaintiff | Case No. SACV10-1198 CJC (RNBx)<br><br>**CLEVELAND GOLF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT THAT PLAINTIFF IS PRECLUDED FROM RECOVERING DAMAGES FOR PRODUCTS PRESENT IN THE UNITED STATES BEFORE JANUARY 5, 2010**<br><br>Hearing Date: January 10, 2011<br>Time:          1:30 p.m.<br>Place:         Courtroom 9B<br>Judge:        Hon. Cormac J. Carney |

1

1  PLEASE TAKE NOTICE that on January 10, 2011, at 1:30 p.m. in
2  Courtroom 9B, located at 411 West 4th Street, Santa Ana, California 92701,
3  Defendant/Counterclaim Plaintiff Roger Cleveland Golf Company, Inc.
4  ("Defendant" or "Cleveland Golf") shall, and hereby does, move the Court to enter
5  partial summary judgment on Cleveland Golf's Eighth Affirmative Defense,
6  pursuant to Fed. R. Civ. P. 56 and the general authority of the Court, that
7  Plaintiff/Counterclaim Defendant The Irrevocable Trust of Anthony J. Antonious
8  ("Plaintiff" or "Antonious") is precluded from recovering damages for accused
9  products that were present in the United States before January 5, 2010.

10  Antonious asserts that Cleveland Golf's Launcher golf club products infringe
11  independent claim 9, and dependent claims 5 and 6, of U.S. Patent No. 5,735,754
12  ("'754 Patent").  The '754 Patent was the subject of a reexamination at the U.S.
13  Patent and Trademark Office ("USPTO"), during which Antonious added
14  independent claim 9 and amended claims 5 and 6 to depend from claim 9.  The
15  USPTO issued a Reexamination Certificate on January 5, 2010 issuing reexamined
16  claims 9, 5 and 6.

17  35 U.S.C. §§252 and 307(b) together (1) preclude a patentee from recovering
18  damages for any infringing act occurring before a reexamination certificate is
19  issued, and (2) further provide an alleged infringer with "absolute intervening
20  rights" to sell or use, after the issuance of a reexamination certificate, any specific
21  thing that was in existence in the United States before the reexamination certificate
22  issued, unless an infringed claim of the reexamined patent is "substantially
23  identical" to a claim of the original patent.  Asserted reexamined claim 9 and
24  dependent claims 5 and 6 include several additional, substantive limitations that
25  were not present in any of the originally-issued claims of the '754 Patent (such that
26  they are not "substantially identical").  Antonious is therefore precluded, under
27  §§252 and 307(b), from recovering damages for any accused products that were
28

present in the United States before the January 5, 2010 date of the Reexamination Certificate.

This motion is important to the resolution of this lawsuit because the accused products have been discontinued and only a relatively small number of units were imported into the United States on or after January 5, 2010 (about 3,650 units sold by Cleveland Golf for a total of about $306,000, or approximately 2% of all accused products sold in the United States). Thus, adjudication of this motion in Cleveland Golf's favor will avoid protracted litigation with respect to the vast majority of the accused products and greatly facilitate early disposition in view of the small potential damages.

The grounds in support of Cleveland Golf's motion are more fully set forth in the accompanying Memorandum, Statement of Uncontroverted Facts and Conclusions of Law, Declaration of Edward P. Walker and accompanying exhibits.

A proposed Order is enclosed for the Court's convenience.

## STATEMENT OF CONFERENCE

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 2, 2010.

Respectfully submitted,

**CANNON & NELMS, A PC**

**OLIFF & BERRIDGE, PLC**

Dated: December 13, 2010

By: /S/-Anthony L. Cannon
Anthony L. Cannon
Edward P. Walker
John W. O'Meara

Attorneys for
Defendant/Counterclaim Plaintiff
ROGER CLEVELAND GOLF COMPANY, INC.