# EXHIBIT "O"

| *Notice of Intent to Issue* *Ex Parte Reexamination Certificate* | Control No. | Patent Under Reexamination |
| | 90/010,266 | 5735754 |
| | Examiner | Art Unit | |
| | PETER C. ENGLISH | 3993 | |

*– The MAILING DATE of this communication appears on the cover sheet with the correspondence address –*

1. ☒ Prosecution on the merits is (or remains) closed in this *ex parte* reexamination proceeding. This proceeding is subject to reopening at the initiative of the Office or upon petition. *Cf.* 37 CFR 1.313(a). A Certificate will be issued in view of

   (a) ☒ Patent owner's communication(s) filed: <u>24 September 2009</u>.
   (b) ☐ Patent owner's late response filed: _____.
   (c) ☐ Patent owner's failure to file an appropriate response to the Office action mailed: _____.
   (d) ☐ Patent owner's failure to timely file an Appeal Brief (37 CFR 41.31).
   (e) ☐ Other: _____.

Status of *Ex Parte* Reexamination:
   (f) Change in the Specification: ☒ Yes ☐ No
   (g) Change in the Drawing(s): ☐ Yes ☒ No
   (h) Status of the Claim(s):

     (1) Patent claim(s) confirmed: <u>8</u>.
     (2) Patent claim(s) amended (including dependent on amended claim(s)): <u>1-3 and 5-7</u>
     (3) Patent claim(s) cancelled: <u>4</u>.
     (4) Newly presented claim(s) patentable: <u>9</u>.
     (5) Newly presented cancelled claims: _____.

2. ☒ Note the attached statement of reasons for patentability and/or confirmation. Any comments considered necessary by patent owner regarding reasons for patentability and/or confirmation must be submitted promptly to avoid processing delays. Such submission(s) should be labeled: "Comments On Statement of Reasons for Patentability and/or Confirmation."

3. ☐ Note attached NOTICE OF REFERENCES CITED (PTO-892).

4. ☐ Note attached LIST OF REFERENCES CITED (PTO/SB/08).

5. ☐ The drawing correction request filed on _____ is: ☐ approved ☐ disapproved.

6. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
   a)☐ All  b)☐ Some*  c)☐ None  of the certified copies have
     ☐ been received.
     ☐ not been received.
     ☐ been filed in Application No. _____.
     ☐ been filed in reexamination Control No. _____.
     ☐ been received by the International Bureau in PCT Application No. _____.

   * Certified copies not received: _____.

7. ☐ Note attached Examiner's Amendment.

8. ☐ Note attached Interview Summary (PTO-474).

9. ☐ Other: _____.

cc: Requester (if third party requester)

U.S. Patent and Trademark Office
PTOL-469 (Rev.08-06)       Notice of Intent to Issue Ex Parte Reexamination Certificate       Part of Paper No 20091007

Exhibit O
Page 144

Application/Control Number: 90/010,266                                    Page 2

Art Unit: 3993

## STATEMENT OF REASONS FOR PATENTABILITY AND/OR CONFIRMATION

1.       The following is an examiner's statement of reasons for patentability and/or confirmation of the claims found patentable in this reexamination proceeding:

Claim 1 is patentable because the cited prior art patents and printed publications fail to teach a golf club head, as defined in this claim, including a C-shaped slot on the bottom surface of the club head, and a skid surface raised from the bottom surface and separated from the bottom surface by a wall, wherein the slot is substantially parallel with the bottom surface and transects a centerline passing through the ball striking face and rear surface of the club head.

Claims 2, 3 and 7 are patentable because of their dependency from claim 1. Further, claim 2 is patentable because the cited prior art patents and printed publications fail to teach a golf club head, as defined in this claim, including a C-shaped slot on the bottom surface of the club head together with a venturi opening in fluid communication with and extending rearwardly from the C-shaped slot toward the rear surface of the club head.

Claim 8 is confirmed as patentable because the cited prior art patents and printed publications fail to teach a golf club head, as defined in this claim, including a C-shaped slot on the bottom surface of the club head together with a venturi opening in fluid communication with and extending rearwardly from the C-shaped slot toward the rear surface of the club head.

Claim 9 is patentable because the cited prior art patents and printed publications fail to teach a golf club head, as defined in this claim, including a C-shaped slot within the bottom surface of the club head, the slot being substantially parallel to the bottom surface and offset from a centerline passing transversely through a heel-to-toe axis of the club head, with a portion of the slot passing through the centerline.

Claims 5 and 6 are patentable because of their dependency from claim 9.

2.       Any comments considered necessary by PATENT OWNER regarding the above statement must be submitted promptly to avoid processing delays.  Such submission by the patent owner should be labeled: "Comments on Statement of Reasons for Patentability and/or Confirmation" and will be placed in the reexamination file.

Application/Control Number: 90/010,266                                    Page 3
Art Unit: 3993

3.      Responses to this Office action may be submitted by facsimile and should be directed to
the Central Reexamination Unit using facsimile number 571-273-9900. A confirmation of receipt
will be generated automatically for all papers transmitted via this facsimile number.

        All responses to be delivered by the United States Postal Service (USPS) should be
addressed as follows:

                Mail Stop Ex Parte Reexam
                Central Reexamination Unit
                Commissioner for Patents
                PO Box 1450
                Alexandria, VA 22313-1450

        Hand-delivered responses should be labeled "Attn: Central Reexamination Unit" and
delivered to:

                Customer Service Window
                Randolph Building, Lobby Level
                401 Dulany Street
                Alexandria, VA  22314

        Submissions for reexamination proceedings may also be submitted through EFS-Web
(the USPTO's web-based document submission system).


4.      Any document filed by either the patent owner or third party requester *must be served* on
the other party (or parties in a merged proceeding) in the reexamination proceeding in the
manner provided by 37 CFR 1.248. See 37 CFR 1.550(f) and MPEP 2266.03.


5.      Any inquiry concerning this communication or earlier communications from the
Reexamination Examiner should be directed to Peter English whose telephone number is
(571)272-6671.  The examiner can normally be reached on Monday through Thursday (7:00 AM
- 5:00 PM). If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Andres Kashnikow, can be reached at 571-272-4361.

Application/Control Number: 90/010,266                                    Page 4
Art Unit: 3993

For general information regarding reexamination proceedings please call the Central

Reexamination Unit at 571-272-7705. For guidance on reexamination practice and procedure

please call the Office of Patent Legal Administration at 571-272-7703.

Peter C. English   10/7/09
Primary Examiner
Central Reexamination Unit

Conferees: *pc 92*
*HCC*

pe
7 October 2009

# EXHIBIT "P"

**Exhibit "P"**
U.S. Patent No. 5,735,754
Original Claim 4 versus Reexamined Claim 9

Added portions are shown as underlined and deleted portions are shown as struck-out, below.

| Original Claim 4 | Reexamined Claim 9 |
|---|---|
| An aerodynamic golf club head including a club head body having a heel, toe, rear surface, ball striking face, upper surface and bottom surface, wherein the improvement comprises:<br><br>    an aerodynamic configuration on said bottom surface adjacent said rear surface in the form of a c-shaped slot having an open end facing forwardly toward said ball striking face; said slot being offset from a center of said bottom surface centerline passing through a longitudinal in a heel-to-toe direction. | An aerodynamic golf club head including a club head body having a heel, toe, rear surface, ball striking face, upper surface and bottom surface, wherein the improvement comprises:<br><br>an aerodynamic configuration <u>within, and substantially parallel to,</u> ~~on~~ said bottom surface adjacent said rear surface in the form of a c-shaped slot having an open end facing forwardly toward said ball striking face; said slot ~~being~~ offset from, <u>and a portion thereof passing through,</u> a <u>virtual</u> ~~center of said bottom surface~~ centerline passing <u>transversely</u> through a <u>heel-to-toe axis of said club head</u>. ~~longitudinal in a heel-to-toe direction~~ |

# EXHIBIT "Q"

## PLAINTIFF'S PART OF JOINT CLAIM CONSTRUCTION CHART WITH PLAINTIFF'S POSITION REGARDING DEFENDANTS' PROPOSED CONSTRUCTIONS

| Claim Language (as Reexamined) to be Construed per Plaintiff and Defendants | Plaintiff's Proposed Interpretation and Support Therefore | Plaintiff's Position Concerning Defendants' Proposed Construction of Terms |
|---|---|---|
| Claim 9. An aerodynamic golf club head including a club head body having a heel, toe, rear surface, ball striking face, upper surface and bottom surface, in which the improvement comprises: | No special construction other that term aerodynamic. See below. | Plaintiff concurs in Defendants' position. |
| an aerodynamic configuration | "Aerodynamic configuration" is a configuration which creates an effect that minimizes turbulence and reduces resulting drag for a given application of swing force. This effect is also known as laminar airflow.<br><br>**Support:**<br>Patent: Col. 1, Lines 35-38; Col 2, Lines 1-9; Col. 3, Lines 1-8, 23-26, and 31-35. Wikipedia dictionary | Plaintiff objections to Defendants' Proposed Interpretation because it improperly imports extrinsic evidence in order to interpret the Claim Terms. Defendants' seek to impose limitations such as "measurabl[ity]" in the claim language; when no such limitation |

| | | is required by the claims. |
|---|---|---|
| definition of laminar flow. | | |
| | Declaration of Gillig, Page 5, ¶15, 18; Page 6, ¶21, as to term "stability." | The primary function of the aerodynamic configuration of the '754 patent is to minimize turbulence and reduce drag. Defendants assert that "aerodynamic configuration" means a configuration for producing a "higher [club head] speed for a given application of swing force by the golfer." Defendants cited support for its interpretation indicates that minimization of turbulence and reduction of drag is the primary function of the invention in which a higher head speed is a secondary benefit that occurs when turbulence and drag are reduced. |
| | Declaration of Winfield, Page 3, ¶10. | Defendants also allude to the Declaration of Skupski. However, the Slupski declaration was never entered of record by the Re-Examination Examiner and, therefore, this Declaration constitutes extrinsic evidence (Official Action of 8/27/09, p. 6 thereof). |

Page 2 of 9 September 14, 2010

| within, and | Plaintiff concurs with Defendants' proposed interpretation. | Plaintiff concurs with Defendants' position. |
| --- | --- | --- |
| substantially parallel to, | Substantially means: being largely but not wholly that which is specified.<br><br>"Parallel" means: extending in the same direction, everywhere equidistant, and not meeting. Thus, "substantially parallel" should mean: largely but not necessarily wholly extending in the same direction.<br><br>**Support B:**<br><br>Col. 3, Lines 22-26; and Figs. 1, 5 and 9. The shading of slot 130 and surface 330 in Figs. 1, 2, 5 (phantom lines) and 9, indicate a curved surface.<br><br>Miriam-Webster Online Dictionary. Substantial Definition 5. Parallel 1.a.<br>MSN Encarta. Patent at Col. 3, Lines 23-26. | Plaintiff objects to Defendants' proposed definition of the term "substantially parallel to" because these are simple terms that should be allowed their plain and ordinary meaning. There is no support for Defendants' asserted construction that Claim 9 (the primary claim at issue of the '754 patent) is limited to a parallelism between two flat surfaces. Fig. 5 of the '754 patent reflects but one embodiment, taken through a single cross-section of the golf club head.<br><br>The shade lines in Fig. 2 (ref. no. 124), Fig. 7 (ref. no. 224); Fig. 9, and Fig. 10 of the patent indicate that the bottom surface of the club possesses a curvature as does the shading of slots 330 and 430 in Figs. 9 and 10 respectively. |
| said bottom surface, | The "bottom surface" is the lowest-most surface of the golf club head.<br><br>**Support :** | Plaintiff contends that said bottom surface should be defined as "the lowest-most surface of the golf club head. Defendants do not agree that any limitation of flatness |

| | | |
|---|---|---|
| | Figs. 1-9.<br>Dictionary definition of bottom MSN Encarta. Patent at Col. 3, Lines 23-26. | exists as to the geometry of the bottom surface (see comments below per Claim 6. |
| adjacent said rear surface, in the form of a | Adjacent should be given its ordinary meaning: not distant, nearby.<br>Rear surface is the back-most surface of the golf club head. Thus, "adjacent rear surface" should mean, "nearby the back-most surface of the golf club head."<br><br>**Support :**<br><br>Patent: Col. 2, Line 57; Col. 3, Lines 2 and 13; and Figs. 1 and 3-8. Fig. 5 shows rear surface 120 as used in Claim 9.<br><br>Miriam-Webster Online English Dictionary. Adjacent Definition 1.a.<br><br>Dictionary definition<br>of "rear." MSN Encarta | Defendants' interpretation of these terms should be rejected because these terms, insomuch as they are not complex, should be interpreted according to their plain and ordinary meanings. |
| c-shaped slot | The phrase "c-shaped" should be afforded its plain or ordinary meaning. As such, a C-shaped slot should be interpreted as a C-shaped channel or opening.<br><br>The term "slot" means an air passage in an airfoil that directs air from the lower surface to the upper surface.<br><br>**Support :** | The term "c-shaped slot" should be interpreted according to its plain and ordinary meaning because it is not complicated and does not require the convoluted explication proposed by Defendants. Defendants' interpretation, as a matter of fact, makes the term more difficult to understand, not |

Exhibit Q
Page 154

| | |
|---|---|
| Wikipedia dictionary for letter C.<br>MSN Encarta dictionary per term "slot"<br><br>Patent: Col. 2, Lines 64-68: Col. 3, Lines 25-26; Figs. 5 and 9.<br><br>For "C-shaped," definitions:<br>U.S.P.N. 4, 832,338, U.S.P.N. 5,810,675; U.S.P.N. 6,890,267; U.S.P.N. 7,717,803 | easier.<br><br>There is no basis in the '754 patent, or any estoppel in its file history, that supports Defendants' proposed several hundred word interpretation of the phrase "c-shaped slot." Defendants, as support for their interpretation, advert to Figs. 1, 2, 6, 7, 9 and 10 of the patent-in-suit. However, only Figs. 5, 9 and 10 are relevant to the phrase c-shaped slot in the claims that are asserted of the patent-in-suit (Claims 6 and 9).<br><br>Plaintiff also notes that the phrase "c-shaped slot" appeared in the original language of original Claim 4 of the patent-in-suit and, as such, said phrase was always a part of the specification. This is *contra* to the Defendants' assertion. See Page 9 of originally filed patent application. No support of Defendants' proposed interpretation exists in either the file history of the original examination or the re-examination of the patent. Defendants also ignore the manner in which this |

Page 5 of 9 September 14, 2010

| | | |
|---|---|---|
| having an open end facing forwardly toward said ball striking face, said slot, | No special construction of these terms is required.<br><br>There is no "perpendicularity" limitation in this phrase<br><br><u>Support :</u><br><br>Patent: Fig. 9. Col. 3, Lines 23-25. Re-examination File Wrapper: Amendment of 4/22/09, Page 10. Figs. 9 and 10. | term has been used in other golf-related patents or construed by the courts.<br><br>Plaintiff contends that these terms should be interpreted according to the plain and ordinary meaning and do not require any special construction.<br><br>Defendants' proposed support for interpretation of this claim phrase does not support the "perpendicularity" aspect. That is, no support recited by Defendants' use this term or any equivalent thereof. As such, Defendants' attempt to improperly import limitations to the claims should be rejected. |
| offset from, | The term "offset" should be afforded its plain and ordinary meaning i.e., displaced from something.<br><br><u>Support :</u> | Plaintiff contends that "offset from" should be interpreted according to the plain and ordinary meaning of the terms because they are simple terms that do not require additional explanation. |

Page 6 of 9 September 14, 2010

| | | |
|---|---|---|
| | Merriam – Webster Online dictionary: Definitions 3.b and 3.c. Original Claims 3, 4 and 7. Figs. 9-10. Col. 3, Lines 26 and 29. Re-examination File Wrapper Office Action of 8/27/09, Page 3. Response thereto of 9/21/09, Page 5. File Wrapper of original examination: Notice of Allowability of 7/16/97, Page 2. | Contrary to Defendants' assertion, the '754 patent specification does employ and define the term offset. See, for example, Col. 3, Lines 26 and 29 thereof, in describing Figs. 9 and 10 respectively. Further, Section Line 5-5 of Fig. 3 defines the centerline which, in the language of Claim 9, the c-shaped slot is offset relative thereto.

Also, Defendants in its support of its proposed interpretation of the term "offset from" alludes to the Declaration to Slupski which, as above noted, was never entered of record by the Re-Examination Examiner. As such, the Declaration of Slupski is extrinsic evidence, and not admissible for purposes of claim construction in these circumstances. |
| and a portion thereof passing through, a virtual | Plaintiff relies upon the ordinary meaning of this phrase. There is no "orthogonal" limitation in the phrase and one should not be imported into the claim. | Defendants' interpretation of this term should not be adopted because these terms may be |

| | | |
|---|---|---|
| centerline passing transversely through a heel- to-toe axis of said club head. | **Support** :<br><br>Re-exam Certificate. Figs. 9 and 10 of patent.<br><br>Original File Wrapper, Notice of Allowability 7/16/97, p.2 | interpreted according to their plain and ordinary meaning. Defendants seek to improperly import limitations, such as "orthogonal" into the claim phrase, which are unnecessary and improper. |
| Claim 6. The aerodynamic golf club head of claim 9 wherein said slot is offset toward said toe. | The center of the c-shaped slot (as above defined) is displaced towards the toe of the club.<br><br>**Support** :<br><br>Fig. 9, Col. 3, Lines 23-26.<br><br>Definition of offset per above. | Plaintiff objects to Defendants proposed interpretation because it unnecessarily imports limitations into the claim language and complicates simple claim terms. What is more, Defendants proposed interpretation of Claim 6 relies, in part, upon the Declaration of Slupski which, as above noted, was never made of record by the Re-Examination Examiner and, as such, constitutes extrinsic evidence, which generally is not admissible for purposes of patent construction.<br><br>Plaintiff also objects Defendants' use of the term "flat bottom" of the golf club head in its proposed interpretation of Claim 6 in that there does not exist any predicate in either the '754 patent or the |

Page 8 of 9 September 14, 2010

associated file history indicating that the bottom of the golf club must be flat. The shading of the figures show the bottom surface to be curved, not flat.

Page 9 of 9 September 14, 2010

**EXHIBIT "R"**

| Claim Language (as Reexamined) to be Construed per Plaintiff and Defendants | CLAIM CONSTRUCTION USPN 5,735,754 (As Reexamined) UNDER DNJ L.R. 4.2(b) | |
| --- | --- | --- |
| | Defendants' Proposed Interpretation and Support for Defendants' Proposed Interpretation from Patent Text (Col./Line or FIG.) and/or Prosecution History | Plaintiff's Proposed Interpretation and Defendants' Position Concerning Plaintiff's Proposed Construction |
| Claim 9.  An aerodynamic golf club head including a club head body having a heel, toe, rear surface, ball striking face, upper surface and bottom surface, in which the improvement comprises: | An aerodynamic golf club head including a club head body having a heel, toe, rear surface, ball striking face, upper surface and bottom surface, in which the improvement comprises (i.e., no special construction required, other than "aerodynamic," see below): | **Plaintiff's Position:** None<br><br>**Defendants' Position on Plaintiff's Construction**<br><br>Plaintiff has not raised any objection to Defendants' construction, which therefore should be accepted. |
| an aerodynamic configuration | an aerodynamic configuration producing a measurable and enhanced aerodynamic function, particularly a higher club head speed for a given application of swing force by the golfer, and<br><br>**Support:**<br>Col.2; lines 1-5; see also inter alia, Col. 1, lines 38-39 "...which produces greater club head speed when the club head is swung...") Col. 3, lines 1-8; and Col. 3, lines 31-35. | **Plaintiff's Position**<br><br>Plaintiff urges that "'Aerodynamic configuration' is a configuration which creates an effect that minimizes turbulence and reduces resulting drag for a given application of swing force. This effect is also known as laminar airflow."<br><br>**Defendants' Position on** |

Exhibit R
Page 161

| | Plaintiff's Construction |
|---|---|
| "Applicant's Response Under 37 C.F.R. 1.530," April 22, 2009, (Applicant's Argument;) p. 9<br><br>Prosecution History) (hereinafter "File Wrapper Argument"), pps. 6 -15, e.g. pps. 8-9.<br><br>"Declaration Under 37 C.F.R. 1.131," April 20, 2009 (Declaration of Slupski, adopted as Argument by Applicant; Prosecution History) (hereinafter "Slupski"), pps. 1-5, e.g. pps. 4 and 5.<br><br>"Declaration Under 37 C.F.R. 1.132," April 20, 2009 (Declaration of Gillig, adopted as Argument by Applicant; Prosecution History) (hereinafter "Gillig"), pps 1-11, e.g. pps. 4, 5, 6, 7, 8, 9, 10, and 11.<br><br>"Declaration Under 37 C.F.R. 1.132," April 21, 2009 (Declaration of Winfield, adopted as Argument by Applicant; Prosecution History) (hereinafter "Winfield"), pps. 1-4, e.g., p. 3 | Defendant would be willing to accept Plaintiff's proposed construction, so long as the effects on turbulence, drag, and laminar airflow were measurable, i.e., to say "a measurable effect that…." |
| within, and | the aerodynamic configuration lies fully inside the bounds of the bottom surface of the golf club, that is, a portion of the bottom surface of the golf club surrounds the aerodynamic configuration on all sides, and<br><br>**Support:**<br>Col. 2; lines 60-67<br><br>"File Wrapper Argument", pps. 1-15, e.g. | **Plaintiff's Position:** None<br><br>**Defendants' Position on Plaintiff's Construction**<br><br>Plaintiff has not raised any objection to Defendant's construction, which therefore should be accepted. |

Page 2 of 10, September 8, 2010

| substantially parallel to, said bottom surface, | pps. 11-12<br><br>"Slupski," pps. 1-5. e.g. p. 4 (…"slots were not within the plane of the side surfaces…but were rather as shown in Fig. 5 of the patent.").<br><br>"Gillig," pps. 1-11, e.g. p. 3 (differentiating prior art in which slot "was formed within the sidewalls"), 4, 5, 6 (e.g., …slot of Antonious is separate and apart from sidewall surfaces…"), 7, 8, 9, and 10.<br><br>"Winfield," pps. 1-4, e.g. p. 2. | |
| | a flat bottom of the recess is nearly parallel, to a flat bottom (sole) of a golf club, such that the flat bottom of the recess and the flat bottom of the club, if extended in space, would have no point of meeting, taken along a front-to-back section through the center of the face,<br><br>**Support:**<br>FIG. 5, 9, 11, 13<br><br>"File Wrapper Argument", pps. 9 (e.g., "**…Air Bear Channel tails upward…as such…is not substantially parallel.**"); 6 -15, (e.g. pps. 6) Antecedent support [for "substantially parallel"] therefore appears in FIG. 5…" (Both slot base and club base shown as flat)<br><br>"Slupski," pps. 1-5. e.g. p. 4 (e.g., "**slot…defined a plane substantially parallel with the sole plate of the club…**") | **Plaintiff's Position**<br><br>Plaintiff urges that "Substantially parallel' should be given the ordinary dictionary definition of each word. Substantially means: being largely but not wholly that which is specified. 'Parallel' means: extending in the same direction, everywhere equidistant, and not meeting. Thus, 'substantially parallel' should mean: largely but not necessarily wholly extending in the same direction. The 'bottom surface' is the lowest- most surface of the golf club head."<br><br>**Defendants' Position on Plaintiff's Construction** |

Exhibit R<br>Page 163

| | | |
|---|---|---|
| adjacent said rear surface, in the form of a | "Gillig," pps. 1-11, e.g. p. 4, 6 (e.g., "**slot...defines a plane...**") 7, and 8.<br><br>"Winfield," pps. 1-4, e.g. p. 2.<br><br>and the recess is near to, but does not touch the rear surface, and wherein<br><br>**Support:**<br>FIGS. 1, 2, 5, 6, 7.<br><br>"Gillig," pps. 1-11, e.g. p. 3 (differentiating prior art in which slot "was formed within the sidewalls"), 4, 5, 6 (e.g., "...slot of Antonious is separate and apart from sidewall surfaces..."), 7, 8, 9, and 10. | Although Plaintiff's proposed construction is nominally a properly formatted construction, Plaintiff's proposed construction fails to take into account that the intrinsic evidence and Plaintiff's own arguments have created an estoppel that both the bottom of the channel and the bottom of the golf club must be flat, as will be argued at greater length in the Markman process.<br><br>**Plaintiff's Position**<br><br>Plaintiff urges that: "Adjacent should be given its ordinary meaning; not distant, nearby. Rear surface is the back-most surface of the golf club head. Thus, 'adjacent rear surface' should mean, 'nearby the back-most surface of the golf club head.'"<br><br>**Defendants' Position on Plaintiff's Construction**<br><br>Although Plaintiff's proposed construction is nominally a properly formatted construction, Plaintiff's proposed construction fails to take into account that the intrinsic evidence and Plaintiff's own arguments have created an estoppel that the recess must not touch the rear surface, as |

Exhibit R
Page 164

| c-shaped slot | the c-shaped slot is a curvilinear three sided recess having a flat bottom opposite an open face, with two flat sides flaring symmetrically outward from the bottom toward the open face having a curved midsection joining a curved top arm and a curved bottom arm wherein a) the curved midsection has a curved midsection exterior edge having a single constant external perimeter radius of curvature that defines a midsection center of curvature, b) the curved top arm has a top arm distal end, a top arm proximal end joined to the curved midsection, and a curved top arm exterior edge continuous with the midsection exterior edge, wherein a width of the top arm is substantially uniform, defining a top arm central axis, and the top arm distal end extends past a vertical line passing through the midsection center of curvature, c) the curved bottom arm has a bottom arm distal end, a bottom arm proximal end joined to the curved midsection, and a curved bottom arm exterior edge continuous with the midsection exterior edge, wherein a width of the bottom arm is substantially uniform, defining a bottom arm central axis, and the bottom arm distal end extends past a vertical line passing through the midsection center of curvature, d) wherein the curved top arm and the curved bottom arm are substantially | will be argued at greater length in the Markman process.<br><br>**Plaintiff's Position**<br><br>Plaintiff urges that "The phrase 'c-shaped' should be afforded its plain or ordinary meaning. As such, a C-shaped slot should be interpreted as a C-shaped channel or opening. The term 'slot' means an air passage in an airfoil that directs air from the lower surface to the upper surface."<br><br>**Defendants' Position on Plaintiff's Construction**<br><br>Plaintiff's proposed construction is an improper claim construction because it is not a construction at all. It is a circular statement to say that "c-shaped means shaped like a 'c'," which is what Plaintiff's argument amounts to. Even accepting that it refers to the English language letter "C;" it provides no guidance for differentiating the more than 200 known typefaces for that letter, or for differentiating what may be a "c" shape from a "J," "U," or other letter-like shape or curve.<br><br>Such a circular definition should be rejected, as it leaves |

Exhibit R
Page 165

the door open to later argument that this term could mean anything, thus circumventing the entire claim construction and Markman process.

While Defendants' proposed construction may initially appear complex, it is definite and precise, it is simply and easily visualized, at left, and has been crafted to exactly construe the claim limitation of a "c-shaped slot" as it appears in the patent-in-suit.

Defendants accept Plaintiff's proposed construction of the term "slot."

symmetric about a horizontal line passing through the midsection center of curvature, and

e) wherein an imaginary line connecting the curved midsection exterior edge at a point on the horizontal line passing through a rearmost point on the curved midsection exterior edge with a point on the recess farthest from the rearmost point on the curved midsection exterior edge, is always longer than the radius of curvature, and

## Support:
FIGS. 1,2,5,6,7,9,10.

For example:



LINE AB > AC

Adapted from Fig. 1; Line AB is greater than line AC.

Exhibit R
Page 166

LINE AB > AC

Adapted from Fig. 9; even when offset, line AB is greater than line AC.

the top arm central axis and the bottom arm central axis, if extended to the club striking face, must intersect the club striking face perpendicularly; i.e., the heel and toe end of the "c-shaped slot" must face directly towards the ball striking face, wherein

**Support:**
"File Wrapper Argument", pps. 6 -15, e.g. pps. 8 (e.g., " the heel end of the AB [Air Bear prior art] does not face the ball striking face, but, rather, is directed toward the hosel of the club…therefore is

having an open end facing forwardly toward said ball striking face, said slot

**Plaintiff's Position**

Plaintiff urges that "No special construction of these terms is required. There is no 'perpendicularity' limitation in this phrase."

**Defendants' Position on Plaintiff's Construction**

Plaintiff's proposed construction is an improper construction, because, once

Page 7 of 10, September 8, 2010

| offset from, | not "substantially offset."''), 9, and 10.<br><br>"Gillig," pps. 1-11, e.g. p. 4, and 9.<br><br>"Winfield," pps. 1-4, e.g. p. 2. | the recess is rotated on the bottom of the club in respect to the club face, relative to the virtual centerline passing transversely through a heel-to-toe axis of said club head, (see proposed construction immediately below) such that one of either the top arm distal end or the bottom arm distal end is farther from the ball striking face than the other, when measured across the flat bottom of the club, and<br><br>**Support:**<br>FIGS. 9 and 10<br><br>"File Wrapper Argument", pps. 6 -15, e.g. pps. 8, 9 (e.g., "[Air Bear" apparently produces an illusion of offset relative to | again, Plaintiff has stated that no "special" construction is required, but has failed to state what their presumably "ordinary" construction is.<br><br>Accordingly, Plaintiff has waived any counter-construction of this term and Defendant's construction should be accepted.<br><br>Plaintiff's rejection of the "perpendicularity" requirement fails to take into account that the intrinsic evidence and Plaintiff's own arguments have created an estoppel that the arm axes must make a perpendicular intersection with the club face, as will be argued at greater length in the Markman process.<br><br>**Plaintiff's Position**<br><br>Plaintiff urges that "the term 'offset' should be afforded its plain and ordinary meaning i.e., displaced from something."<br><br>**Defendants' Position on Plaintiff's Construction**<br><br>Plaintiff's proposed construction is an improper construction because it is entirely vague and indefinable. It is not sufficient to say that a term should be afforded its plain and ordinary meaning, and |

Page 8 of 10, September 8, 2010

Exhibit R
Page 168

and a portion thereof passing through, a virtual centerline passing transversely through a heel-to-toe axis of said club head.

part of the recess passes through an imaginary centerline passing orthogonally through an imaginary line along the surface of the ball striking face in a heel to toe direction

**Support:**

Per Reexamination Certificate: Col. 3, lines 22-30; FIGS. 6 and 7

"File Wrapper Argument", pps.6 -15, e.g. pps. 8, 9, 10, 11, 12, 13, and 14.

"Gillig," pps. 1-11, e.g. p. 4, 6, 7, 8, 9, 10, and 11.

"Winfield," pps. 1-4, e.g. p. 3.

the centerline when, in fact, the ends of the channel thereof are actually equidistant from the striking face of the AB [Air Bear] club."),10, 11, 12, 13, and 14.

"Slupski," pps. 1-5. e.g. p. 4, and 5.

"Gillig," pps. 1-11, e.g. p. 4, 6, 7, 10 and 11.

"Winfield," pps. 1-4, e.g. p. 2, and 3.

then not to say what that plain and ordinary meaning is. In this case, offset must be defined in terms of a defined point (end of recess, center of recess length, center of recess volume, etc.) being offset in a defined manner (offset vertically, horizontally, rotationally, some combination of the above, etc.)from a second defined point.

Accordingly, Plaintiff has waived any counter-construction of this term and Defendant's construction should be accepted.

**Plaintiff's Position**

Plaintiff urges that "Plaintiff relies upon the ordinary meaning of this phrase. There is no 'orthogonal' limitation in the phrase and one should not be imported into the claim."

**Defendants' Position on Plaintiff's Construction**

Plaintiff's proposed construction is not a proper construction, as Plaintiff has not provided a construction, only the circular argument that may be summed up as "the phrase should be accorded its ordinary meaning and the ordinary meaning is the phrase itself."

| | | |
|---|---|---|
| Claim 6. The aerodynamic golf club head of claim 9 wherein said slot is offset toward said toe. | The club as above such that the curved arm distal end closest to the toe is closer to the ball striking surface, measured along the flat bottom of the club, than is the distal end closest to the heel.<br><br>**Support:**<br>Per Reexamination Certificate: Col. 3, lines 22-26; FIG. 9<br><br>"File Wrapper Argument", pps.6 -15, e.g. pps. 8, 9 (e.g., **"[Air Bear" apparently produces an illusion of offset relative to the centerline when, in fact, the ends of the channel thereof are actually equidistant from the striking face of the AB [Air Bear] club."**), 10, 11, 12, 13, and 14.<br><br>"Slupski," pps. 1-5. e.g. p. 5<br><br>"Gillig," pps. 1-11, e.g. p. 4, 6, 7, 8, 9, 10, and 11.<br><br>"Winfield," pps. 1-4, e.g. p. 3. | Accordingly, Plaintiff has waived any counter-construction of this term and Defendant's construction should be accepted.<br><br>Defendants accept Plaintiff's argument that there is no orthogonal requirement.<br><br>**Plaintiff's Position**<br><br>Plaintiff urges that "The center of the c-shaped slot (as above defined) is displaced towards the toe of the club."<br><br>**Defendants' Position on Plaintiff's Construction**<br><br>Plaintiff's proposed construction is not a proper construction because, despite stating "as above defined," Plaintiff has nowhere provided any definition of "center" for the c-shaped slot. Any definition that incorporates an undefined term is fatally vague and must be rejected.<br><br>Accordingly, Plaintiff has waived any counter-construction of this term and Defendant's construction should be accepted. |

Exhibit R
Page 170

# EXHIBIT "S"

Case 2:08-cv-03253-KSH-PS Document 54 Filed 04/05/10 Page 1 of 2 PageID: 387
Case 8:10-cv-01198-CJC -RNB Document 33-3 Filed 12/20/10 Page 30 of 73 Page ID
#:597

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|   |   |   |
|---|---|---|
| **ESTATE OF ANTHONY J. ANTONIOUS** | : | |
| **Plaintiff,** | : | |
| v. | : | **Civil Action No. 08-3253(KSH)** |
| **ADAMS GOLF, INC., et al.,** | : | |
| **Defendants.** | : | **ORDER ON INFORMAL APPLICATION** |

This matter having come before the Court by way of letters dated March 30, 2010, March 31, 2010 and April 1, 2010, regarding the defendants' request for leave to file a motion for partial summary judgment based upon the assertion that the reexamination date is the date on which damages accrue;

and the Court having considered the submissions;

and it appearing that the motion will require the Court to familiarize itself with the claims in the patent and reexamination;[1]

and as the Court will engage in such activity as part of the <u>Markman</u> process, the <u>Markman</u> briefing/hearing phase of this case being the most efficient way for the Court to address this issue;

and this approach being consistent with Fed. R. Civ. P. 1

and the Undersigned making no findings as to whether or not claim construction will in fact be required;

---

[1]Under 35 U.S.C. § 252, for example, the Court would need to consider if the claims in the reissued patent are "substantially identical with the original patent." Certain courts have found that this requires a determination as to whether there has been a "substantive change." <u>Seattle Box v. Industrial Crating & Packaging</u>, 731 F.2d 818, 827 (Fed. Cir. 1984); <u>see</u> <u>also</u> <u>Laitram Corp. v. NEC Corp., et al.</u>, 163 F.3d 1342, 1346-48 (Fed. Cir. 1998).

Case 2:08-cv-03253-KSH -PS   Document 54   Filed 04/05/10   Page 2 of 2 PageID: 388
Case 8:10-cv-01198-CJC -RNB   Document 33-3   Filed 12/20/10   Page 31 of 73   Page ID
#:598

and the plaintiff having proposed the use of a court-appointed neutral or special master for addressing the issue;

and while the Court declines to make such an appointment, nothing herein preventing the parties from privately retaining a mediator or neutral to address the issue;

and if the parties secure the services of such a person, then they shall notify the Court;

IT IS THEREFORE ON THIS 5th day of April, 2010

ORDERED that the request for leave to file a motion for partial summary judgment based upon the assertion that the reexamination date is the date on which the damages accrue is denied at this time.  The movant may file this motion as part of its opening Markman brief;

IT IS FURTHER ORDERED that nothing herein prevents the parties from securing the services of a mediator or neutral to assist the parties resolve this dispute; and

IT IS FURTHER ORDERED that all deadlines shall remain in full force and effect.


s/Patty Shwartz
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT "T"

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| **THE IRREVOCABLE TRUST OF ANTHONY J. ANTONIOUS,** | **CASE NO. SACV 10-01198-CJC(RNBx)** |
| **Plaintiff,** | **SCHEDULING ORDER** |
| **v.** | |
| **ROGER CLEVELAND GOLF COMPANY, INC.,** | |
| **Defendants.** | |

The Court, having reviewed the pleadings and the parties' submissions pursuant to Federal Rule of Civil Procedure 26(f), now ORDERS as follows:

[1] All discovery, including discovery motions, shall be completed by April 20, 2012.  Discovery motions must be filed and heard prior to this date.

[2] The parties shall have until June 22, 2012 to file all other motions, including motions to join or amend the pleadings.

[3] A Pretrial Conference will be held on **Monday, July 23, 2012 at 3:30 p.m.** Full compliance with Local Rule 16 is required.

1       [4]  The jury trial of the case shall begin on **Tuesday, July 31, 2012**

2

3   **at 9:00 a.m.**

4

5       **IT IS SO ORDERED**.

6

7       IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of

8   this Order on counsel for the parties in this matter.

9

10  DATED: December 3, 2010

11  _____

12          CORMAC J. CARNEY
            United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

# EXHIBIT "U"

AO279, COX, PROTO, REOPEN

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 4.1.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:01-cv-03895

Kim v. Earthgrains Co                          Date Filed: 04/14/2003
Assigned to: Honorable Susan E. Cox         Jury Demand: Plaintiff
Demand: $0                                Nature of Suit: 830 Patent
Case in other court: 02-03363            Jurisdiction: Federal Question
                    03-01047
Cause: 28:1338 Patent Infringement

**Plaintiff**

**Yoon Ja Kim**               represented by    **Yoon Ja Kim**
                                           913 Frances Parkway
                                           Park Ridge, IL 60068
                                           (847) 823-2444
                                           PRO SE

                                           **Dean Andrew Pelletier**
                                           McAndrews, Held & Malloy, P.C.
                                           Northwestern Atrium Center
                                           500 West Madison Street
                                           Suite 3400
                                           Chicago, IL 60661
                                           (312) 775-8000
                                           Email: dpelletier@mhmlaw.com
                                           *TERMINATED: 04/11/2006*
                                           *LEAD ATTORNEY*

                                           **Keith D. Parr**
                                           Locke Lord Bissell & Liddell LLP
                                           111 South Wacker Drive
                                           Chicago, IL 60606
                                           (312) 443-0700
                                           Fax:
                                           Email: kparr@lockelord.com
                                           *TERMINATED: 01/27/2005*
                                           *LEAD ATTORNEY*

                                           **Deanne M. Mazzochi**
                                           Rakoczy Molino Mazzochi LLP
                                           6 West Hubbard Street
                                           Suite 500
                                           Chicago, IL 60610
                                           (312)222-6301

Exhibit U
Page 178

Email: dmazzochi@rmmslegal.com
*TERMINATED: 01/27/2005*

**Denean K. Sturino**
O'Hagan Spencer LLC
One East Wacker Drive
Suite 3400
Chicago, IL 60601
(312) 422-6129
Fax: (312) 422-6110
Email: dsturino@ohaganspencer.com
*TERMINATED: 01/27/2005*

**Gary Edward Hood**
McDonnell Boehnen Hulbert &
Berghoff LLP
300 S. Wacker
Suite 3100
Chicago, IL 60606-6709
(312) 913-2146
Email: hood@mbhb.com
*TERMINATED: 07/29/2010*

**James P. Murphy**
McAndrews, Held & Malloy, P.C.
Northwestern Atrium Center
500 West Madison Street
Suite 3400
Chicago, IL 60661
(312) 775-8000
Fax: 312-775-8100
Email: jmurphy@mhmlaw.com
*TERMINATED: 04/11/2006*

**Jonathan M Rushman**
McAndrews, Held & Malloy, P.C.
Northwestern Atrium Center
500 West Madison Street
Suite 3400
Chicago, IL 60661
(312) 775-8000
Email: jrushman@mhmlaw.com
*TERMINATED: 04/11/2006*

**Nicole Ellison Lammers**
McDonnell Boehnen Hulbert &
Berghoff LLP
300 S. Wacker

Suite 3100
Chicago, IL 60606-6709
312 913 3347
Email: lammers@mbhb.com
*TERMINATED: 07/29/2010*

**V.**

**Defendant**

**Earthgrains Company, The**
*a Missouri Corporation*
*now known as*
Sara Lee Bakery Group, Inc.

represented by **Bryan K Wheelock**
Harness, Dickey & Pierce
7700 Bonhomme
Suite 400
St. Louis, MO 63105
(314) 726-7501
*ATTORNEY TO BE NOTICED*

**Craig Christopher Martin**
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
(312)923-2776
Email: cmartin@jenner.com
*ATTORNEY TO BE NOTICED*

**Daniel Alexander Trevino**
Hinshaw & Culbertson
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081
(312) 704-3000
*TERMINATED: 07/27/2005*

**David H. Levitt**
Hinshaw & Culbertson
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081
(312) 704-3000
Email: dlevitt@hinshawlaw.com
*TERMINATED: 07/27/2005*

**Elizabeth L Fine**
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
(312)222-9350
Fax: 312-840-7426

Email: efine@jenner.com
*TERMINATED: 06/30/2008*

**Eric Andrew Sacks**
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
(312)222-9350
Email: esacks@jenner.com
*ATTORNEY TO BE NOTICED*

**Mark C. Metzger**
Hinshaw & Culbertson
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081
(312) 704-3000
*TERMINATED: 07/27/2005*

**Olivia T. Luk**
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
312 222 9350
Email: oluk@jenner.com
*ATTORNEY TO BE NOTICED*

**Sara Tonnies Horton**
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
(312) 222-9350
Email: shorton@jenner.com
*ATTORNEY TO BE NOTICED*

**Steven Raymond Trybus**
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
(312)222-9350
Email: strybus@jenner.com
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Earthgrains Company, The**   represented by   **Craig Christopher Martin**
*formerly known as*                              (See above for address)
Sara Lee Bakery Group, Inc.                     *ATTORNEY TO BE NOTICED*
*now known as*

Sara Lee Bakery Group, Inc.

**Elizabeth L Fine**
(See above for address)
*TERMINATED: 06/30/2008*

**Eric Andrew Sacks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Olivia T. Luk**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sara Tonnies Horton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven Raymond Trybus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bryan K Wheelock**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Alexander Trevino**
(See above for address)
*TERMINATED: 07/27/2005*
*ATTORNEY TO BE NOTICED*

V.

**<u>Counter Defendant</u>**

**Yoon Ja Kim**        represented by   **Yoon Ja Kim**
(See above for address)
PRO SE

**Denean K. Sturino**
(See above for address)
*TERMINATED: 01/27/2005*

**Jonathan M Rushman**
(See above for address)
*TERMINATED: 04/11/2006*

**Nicole Ellison Lammers**
(See above for address)
*TERMINATED: 07/29/2010*

Exhibit U
Page 182

                                   12/16/2010 1:08 PM

**Counter Claimant**

**Earthgrains Company, The**
*a Missouri Corporation*


V.

**Counter Defendant**

**Yoon Ja Kim**                represented by    **Dean Andrew Pelletier**
                                                            (See above for address)
                                                            *TERMINATED: 04/11/2006*
                                                            *LEAD ATTORNEY*

                                                            **Keith D. Parr**
                                                            (See above for address)
                                                            *TERMINATED: 01/27/2005*
                                                            *LEAD ATTORNEY*

                                                            **Deanne M. Mazzochi**
                                                            (See above for address)
                                                            *TERMINATED: 01/27/2005*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Denean K. Sturino**
                                                            (See above for address)
                                                            *TERMINATED: 01/27/2005*

                                                            **Gary Edward Hood**
                                                            (See above for address)
                                                            *TERMINATED: 07/29/2010*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **James P. Murphy**
                                                            (See above for address)
                                                            *TERMINATED: 04/11/2006*

                                                            **Jonathan M Rushman**
                                                            (See above for address)
                                                            *TERMINATED: 04/11/2006*

                                                            **Nicole Ellison Lammers**
                                                            McDonnell Boehnen Hulbert &
                                                            Berghoff LLP
                                                            300 S. Wacker
                                                            Suite 3100
                                                            Chicago, IL 60606-6709
                                                            312 913 3347
                                                            Email: lammers@mbhb.com
                                                            *TERMINATED: 07/29/2010*

*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/25/2001 | 1 | COMPLAINT; jury demand - Civil cover sheet - Pro Se Appearance(s) by plaintiff Yoon Ja Kim (One Original and one copy summons(es) issued.) (Documents: 1-1 through 1-3) (hp) (Entered: 05/30/2001) |
| 05/25/2001 | | RECEIPT regarding payment of filing fee paid; on 5/25/01 in the amount of $150.00, receipt #10310080. (hp) (Entered: 05/30/2001) |
| 06/13/2001 | 2 | RETURN OF SERVICE executed as to defendant Earthgrains Co on 6/7/01 (jmp) (Entered: 06/17/2001) |
| 06/26/2001 | | MAILED letter requesting registration numbers to Yoon Ja Kim. (maf) (Entered: 06/26/2001) |
| 06/26/2001 | 3 | ANSWER to plaintiff's complaint [1-1] and COUNTERCLAIM by defendant against plaintiff (jmp) (Entered: 06/27/2001) |
| 06/26/2001 | 4 | ATTORNEY APPEARANCE for defendant, counter-claimant by David H. Levitt, Mark C. Metzger and Daniel A. Trevino (jmp) (Entered: 06/27/2001) |
| 07/02/2001 | 5 | LETTER from plaintiff, counter-defendant to court dated 06/29/01 regarding patent and trademark information (jmp) (Entered: 07/09/2001) |
| 07/09/2001 | | MAILED Patent report to Commissioner of Trademarks and Patents; Washington, D.C. (jmp) (Entered: 07/09/2001) |
| 10/17/2001 | 6 | RESPONSE by plaintiff, counter-defendant for the defendant's answer and counterclaim to complaint [3-1] (Attachments) (jmp) (Entered: 10/18/2001) |
| 12/07/2001 | 7 | RESPONSE by plaintiff, counter-defendant to defendant's attorney regarding Dawn Food Products' Potassium Bromate Replacer. (jmp) (Entered: 12/10/2001) |
| 12/26/2001 | | SCHEDULE set on 12/26/01 by Hon. James B. Zagel : Status hearing set to 10:00 2/19/02 . Mailed notice (drw) (Entered: 12/26/2001) |
| 02/13/2002 | | SCHEDULE set on 2/13/02 by Hon. James B. Zagel : Status hearing 2/19/02 is reset to 10:00 3/4/02 . Mailed notice (drw) (Entered: 02/13/2002) |
| 03/04/2002 | | SCHEDULE set on 3/4/02 by Hon. James B. Zagel : Status hearing held and continued to 10:00 4/11/02 . Defendant to serve motion for summary judgment on plaintiff by 3/29/02. Mailed notice (drw) (Entered: 03/04/2002) |
| 04/11/2002 | 8 | MINUTE ORDER of 4/11/02 by Hon. James B. Zagel : Status hearing held and continued to 10:00 a.m. on 05/02/02. (Entered Protective order). Mailed notice (jmp) (Entered: 04/12/2002) |
| 04/15/2002 | 9 | MOTION by defendant, counter-claimant for summary judgment of patent invalidity under 35 U.S.C. Section 102(b) ; Memorandum of points and authorities in support; Notice. (jmp) (Entered: 04/16/2002) |

12/16/2010 1:08 PM

| 04/15/2002 | 10 | STATEMENT by defendant, counter-claimant of material facts as to which there is no genuine issue in support of motion for summary judgment of patent invalidity under 35 U.S.C. Section 102(b) [9-1] (RESTRICTED). (jmp) (Entered: 04/16/2002) |
| 05/02/2002 | | SCHEDULE set on 5/2/02 by Hon. James B. Zagel : Status hearing held and continued to 10:00 8/15/02 . Service of response to motion for summary judgment due 6/13/02 . Service of reply due 7/17/02. Mailed notice (drw) (Entered: 05/06/2002) |
| 06/12/2002 | 11 | ANSWER by plaintiff to Statement of facts in dispute. (gcy) (Entered: 06/13/2002) |
| 06/12/2002 | 12 | DECLARATION of Yoon Ja Kim; (Attachments). (gcy) (Entered: 06/13/2002) |
| 06/12/2002 | 13 | RESPONSE by plaintiff to defendant's memorandum [9-1]. (gcy) (Entered: 06/13/2002) |
| 07/17/2002 | 14 | REPLY by defendant, counter-claimant in support of its motion for summary judgment of patent invalidity under 35 U.S.C. Section [9-1] (Attachment); Notice. (jmp) Modified on 08/16/2002 (Entered: 07/23/2002) |
| 08/15/2002 | | SCHEDULE set on 8/15/02 by Hon. James B. Zagel : Status hearing held. Ruling on motion for summary judgment to be made by mail. In court notice (drw) (Entered: 08/16/2002) |
| 08/23/2002 | 16 | MINUTE ORDER of 8/23/02 by Hon. James B. Zagel : Defendant's motion for summary judgment of patent invalidity under 35 U.S.C. Section 102(b) is granted [9-1], terminating case (See reverse of minute order.) Mailed notice (fce) Modified on 08/28/2002 (Entered: 08/28/2002) |
| 08/23/2002 | 17 | ENTERED JUDGMENT (fce) (Entered: 08/28/2002) |
| 08/28/2002 | | MAILED patent report with certified copy of minute order dated 8/23/02 to Commissioner of patents and trademarks in Washington, DC. (fce) Modified on 09/11/2002 (Entered: 08/28/2002) |
| 09/10/2002 | 18 | NOTICE OF APPEAL by plaintiff from motion minute order [16-2], from Scheduling order terminating case [16-1], from judgment entered [17-1] ( $105.00 Paid) (dj) (Entered: 09/11/2002) |
| 09/10/2002 | 19 | DOCKETING STATEMENT by plaintiff regarding appeal [18-1] . (dj) (Entered: 09/11/2002) |
| 09/10/2002 | 21 | SEVENTH CIRCUIT transcript information sheet by plaintiff, counter-defendant. (jmp) (Entered: 10/02/2002) |
| 09/11/2002 | | TRANSMITTED to the 7th Circuit the short record on appeal [18-1] . Mailed notice to all counsel. (dj) (Entered: 09/11/2002) |
| 09/13/2002 | 20 | ACKNOWLEDGEMENT of receipt of short record on appeal [18-1] USCA 02-3363. (jmp) (Entered: 09/16/2002) |

| | | |
|---|---|---|
| 09/23/2002 | | TRANSMITTED to the 7th Circuit the long record on appeal no. 02-3363 consisting of 1 volume of pleadings and 1 vaulted item. [18-1] Mailed notice to all counsel. (dj) (Entered: 09/23/2002) |
| 11/05/2002 | 22 | ACKNOWLEDGEMENT of receipt of record on appeal to Federal Circuit [18-1] USCA 03-1047. (jmp) (Entered: 11/08/2002) |
| 11/21/2002 | 23 | MOTION by defendant, counter-claimant for excessive costs pursuant to 28 U.S.C. Section 1927 (Attachments); Notice. (jmp) (Entered: 12/09/2002) |
| 12/05/2002 | 24 | MINUTE ORDER of 12/5/02 by Hon. James B. Zagel : Answer brief to defendant's motion for excessive costs pursuant to 28 U.S.C. Section 1927 [23-1] due 12/05/02. No reply to answer brief due. Ruling on defendant's motion for costs will be by mail. Mailed notice (jmp) (Entered: 12/09/2002) |
| 01/06/2003 | 25 | MINUTE ORDER of 1/6/03 by Hon. James B. Zagel : Defendant's motion for excessive costs pursuant to 28 U.S.C. Section 1927 is denied [23-1]. (See reverse of minute order.) Mailed notice (jmp) (Entered: 01/07/2003) |
| 03/10/2003 | 26 | OPINION from the Federal Circuit: Decided 03/04o/03. (03-1047) (jmp) (Entered: 03/25/2003) |
| 03/19/2003 | 27 | MOTION by plaintiff for entry of further proceedings consistent with Appeals Court Opinion (Attachments); Notice. (gcy) (Entered: 03/28/2003) |
| 03/27/2003 | 28 | MINUTE ORDER of 3/27/03 by Hon. James B. Zagel: Plaintiff's motion for entry of further proceedings [27-1] is entered and continued. Status hearing set for 04/14/03 at 10:00 a.m. Mailed notice (gcy) (Entered: 03/28/2003) |
| 03/31/2003 | 29 | CERTIFIED COPY of order from the Federal Circuit: Reversing decision of the District Court [Appeal 18-1]. ( 03-1047) (jmp) (Entered: 04/07/2003) |
| 03/31/2003 | 30 | OPINION from the Federal Circuit: Decided 03/04/03. (03-1047). (jmp) (Entered: 04/07/2003) |
| 04/14/2003 | 31 | MINUTE ORDER of 4/14/03 by Hon. James B. Zagel : Status hearing held and continued to 10:00 a.m. on 05/08/03. Enter order reinstating this action nunc pro tunc 03/10/03 pursuant to Federal Circuit Opinion. Case reopened . Written and oral discovery deadline 07/07/03. Mailed notice (jmp) (Entered: 04/15/2003) |
| 04/30/2003 | 32 | ATTORNEY APPEARANCE for plaintiff by Keith D. Parr, Deanne M. Mazzochi, Denean K. Sturino (cdy) (Entered: 05/02/2003) |
| 05/08/2003 | | SCHEDULE set on 5/8/03 by Hon. James B. Zagel : Status hearing held and continued to 10:00 7/9/03 . Written discovery to commence. No notice (drw) (Entered: 05/14/2003) |
| 07/09/2003 | | SCHEDULE set on 7/9/03 by Hon. James B. Zagel : Status hearing reset to 10:00 9/10/03 . Discovery ordered closed on 5:00 9/10/03 . Mailed notice (drw) (Entered: 07/09/2003) |
| 08/05/2003 | | EXECUTIVE committee 8/5/03 This case is reassigned to the Hon. Samuel Der-Yeghiayan Mailed notice (nlf) (Entered: 08/07/2003) |

| 08/29/2003 | 33 | NOTICE by plaintiff, counter-defendant of change of firm name. (jmp) (Entered: 09/02/2003) |
| 09/04/2003 | | SCHEDULE set on 9/4/03 by Hon. Samuel Der-Yeghiayan : Status hearing set for 09/22/03 at 9:00 a.m. before Judge Samuel Der-Yeghiayan in Courtroom 1719. The parties are directed to submit a joint status report as set out on the reverse of this order. Mailed notice (mw) (Entered: 09/04/2003) |
| 09/11/2003 | 34 | MOTION by defendant, counter-claimant for attorney Bryan K. Wheelock to appear pro hac vice (Attachment); Notice. (jmp) (Entered: 09/12/2003) |
| 09/11/2003 | 35 | APPLICATION for leave to appear pro hac vice for defendant, counter-claimant by Bryan K. Wheelock; Order entered granting leave by Hon. Samuel Der-Yeghiayan. (jmp) (Entered: 09/12/2003) |
| 09/11/2003 | 36 | MINUTE ORDER of 9/11/03 by Hon. Samuel Der-Yeghiayan : Bryan K. Wheelock motion to appear pro hac vice is granted [34-1]. Mailed notice (jmp) (Entered: 09/12/2003) |
| 09/19/2003 | 37 | JOINT STATUS REPORT by plaintiff and defendant. (jmp) (Entered: 09/26/2003) |
| 09/22/2003 | | SCHEDULE set on 9/22/03 by Hon. Samuel Der-Yeghiayan : Status hearing held and continued to 12/15/03 at 9:00 a.m. All discovery is to be noticed in time to be completed by 12/15/03. Mailed notice (mw) (Entered: 09/22/2003) |
| 12/12/2003 | 38 | MOTION by plaintiff for extension of discovery ; Notice (rmm) (Entered: 12/16/2003) |
| 12/12/2003 | 39 | MOTION by plaintiff for entry of a protective order (Attachments); Notice (rmm) (Entered: 12/16/2003) |
| 12/15/2003 | 40 | MINUTE ORDER of 12/15/03 by Hon. Samuel Der-Yeghiayan : On 3/19/03, plaintiff filed a motion for entry of further proceedings consistent with Appeals Court Opinion [27-1]. Judge Zagel entered and continued the motion and on 4/14/03, he reinstated the action and indicated that he would proceed according to ruling of the Federal Circuit. The parties indicated in their joint status report submitted on 9/19/03, that there are currently no pending motions in this action. The 3/19/03, motion is technically still pending before this court and we deny the motion as moot. Mailed notice (rmm) (Entered: 12/16/2003) |
| 12/15/2003 | 41 | MINUTE ORDER of 12/15/03 by Hon. Samuel Der-Yeghiayan : Status hearing held and continued to 9:00 a.m. on 2/9/04. Plaintiff's motion for extension of discovery [38-1] is granted as follows: All discovery is to be noticed in time to be completed by 2/1/04. Plaintiff's motion for a protective order [39-1] is entered and continued. Defendant's response to motion for entry of protective order [39-1] is to be filed by 12/29/03. Plaintiff's reply, if any, is to be filed by 1/6/04. Dispositive motions with supporting memoranda, by any party, are to be filed by 3/1/04. Responses to the dispositive motions, if any, are to be filed by 3/15/04. All replies, if any, are to be filed by 3/22/04. Mailed notice (rmm) (Entered: 12/16/2003) |

| 12/29/2003 | 42 | OPPOSITION by defendant, counter-claimant to plaintiff's motion for entry of a protective order [39-1] (Attachments); Notioce. (jmp) (Entered: 12/31/2003) |
|---|---|---|
| 01/06/2004 | 43 | REPLY by plaintiff, counter-defendant in support of its motion for entry of a protective order [39-1] (Attachment). (jmp) (Entered: 01/07/2004) |
| 01/22/2004 | 44 | CONSENT by plaintiff, counter-defendant Yoon Ja Kim to exercise of jurisdiction by a United States Magistrate Judge. (jmp) (Entered: 01/28/2004) |
| 01/23/2004 | 45 | CONSENT by defendant, counter-claimant Earthgrains Co to exercise of jurisdiction by a United States Magistrate Judge. (jmp) (Entered: 01/28/2004) |
| 01/27/2004 | 46 | REASSIGNMENT ORDER of 1/27/04 This case is reassigned to the Honorable Michael T. Mason from Hon. Samuel Der-Yeghiayan for any and all proceedings including entry of a final judgment in accordance with Local Rule 73.1(B). (For further detail see order.) Mailed notice (jmp) (Entered: 01/28/2004) |
| 01/29/2004 | | SCHEDULE set on 1/29/04 by Honorable Michael T. Mason: This matter having been reassigned to Magistrate Judge Mason, an initial status hearing is set for 2/24/04 at 9:00 a.m. in courtroom 2214. The parties shall deliver a file-stamped courtesy copy of an initial status report providing the information required by the enclosed Order Setting Initial Status Report to the courtroom deputy, room 2220, by 2/19/04. Mailed notice (kef) (Entered: 01/29/2004) |
| 01/30/2004 | 47 | AGREED MOTION by plaintiff Yoon Ja Kim for an extension of discovery . (gma) (Entered: 02/02/2004) |
| 02/04/2004 | 48 | MINUTE ORDER of 2/4/04 by Honorable Michael T. Mason : Plaintiff's agreed motion for an extension of discovery is [47-1] to 05/01/04 is granted. Since the parties have consented to the jurisdiction of the Magistrate Judge, parties are advised to remove Judge Der-Yeghiayan's name from the caption of all future filings. Initial status hearing set for 02/24/04 is stricken and reset to 9:00 a.m. on 03/17/04. Status report to be filed by 03/12/04. Mailed notice (jmp) (Entered: 02/05/2004) |
| 02/05/2004 | 49 | MINUTE ORDER of 2/5/04 by Honorable Michael T. Mason : Defendant to file a sur-reply to plaintiff's motion for entry of a protective order [39-1] by 02/12/04. Ruling by mail. Mailed notice (jmp) (Entered: 02/06/2004) |
| 02/12/2004 | 50 | RESPONSE by defendant to plaintiff's reply in support of its motion for entry of a protective order [39-1]; Notice. (air) (Entered: 02/13/2004) |
| 03/09/2004 | 51 | MINUTE ORDER of 3/9/04 by Honorable Michael T. Mason: Plaintiff's motion for entry of a protective order is denied [39-1]. The court will enter defendant's proposed protective order, identified as exhibit H in defendant's opposition to plaintiff's motion for a protective order. Defendant is ordered to submit a clean version of that protective order for signature by March 19, 2004. It is so ordered. Mailed notice (gma) (Entered: 03/10/2004) |
| 03/11/2004 | | SCHEDULE set on 3/11/04 by Honorable Michael T. Mason : Status hearing on 3/17/04 reset from 9:00 a.m. to 11:00 a.m. in courtroom 2214. Mailed notice (kef) (Entered: 03/11/2004) |

| 03/12/2004 | 52 | JOINT STATUS REPORT by plaintiff, defendant. (emd) (Entered: 03/15/2004) |
|---|---|---|
| 03/17/2004 | 53 | MINUTE ORDER of 3/17/04 by Honorable Michael T. Mason : Status hearing held and continued to 9:00 a.m. on 05/12/04. (Entered Protective Order (Attachment)). Mailed notice by judge's staff (jmp) (Entered: 03/18/2004) |
| 05/12/2004 | | SCHEDULE set on 5/12/04 by Honorable Michael T. Mason : Status hearing held and continued to 5/18/04 at 9:45 a.m. Mailed notice (kef) (Entered: 05/12/2004) |
| 05/18/2004 | | SCHEDULE set on 5/18/04 by Honorable Michael T. Mason : Status hearing held and continued to 8/3/04 at 9:00 a.m. Simultaneous disclosure of expert and expert report on burden of proof issues by 6/18/04. Rebuttal expert and expert report by 7/19/04. Completion of depositions of rebuttal experts by 8/18/04. Mailed notice (kef) (Entered: 05/18/2004) |
| 08/03/2004 | | SCHEDULE set on 8/3/04 by Honorable Michael T. Mason : Status hearing held and continued to 8/24/04 at 9:00 a.m. Mailed notice (kef) (Entered: 08/03/2004) |
| 08/24/2004 | | SCHEDULE set on 8/24/04 by Honorable Michael T. Mason : Status hearing held and continued to 9/7/04 at 9:00 a.m. Expert discovery is extended to 9/2/04 for the limited purpose of defendant's counsel deposing plaintiff's two experts. Mailed notice (kef) (Entered: 08/24/2004) |
| 09/07/2004 | | SCHEDULE set on 9/7/04 by Honorable Michael T. Mason : Status hearing held. Mailed notice (kef) (Entered: 09/07/2004) |
| 09/08/2004 | | SCHEDULE set on 9/8/04 by Honorable Michael T. Mason : Status hearing set for 10/14/04 at 9:00 a.m. Mailed notice (kef) (Entered: 09/08/2004) |
| 10/14/2004 | 54 | MINUTE ORDER of 10/14/04 by Honorable Michael T. Mason : Status hearing held. Simultaneous Markman briefs to be filed by 11/04/04. Responses to be filed by 11/19/04. Mailed notice (ntf) (Entered: 10/15/2004) |
| 11/04/2004 | 55 | CLAIM CONSTRUCTION MEMORANDUM by plaintiff Yoon Ja Kim (Attachments). (jmp) (Entered: 11/05/2004) |
| 11/04/2004 | 56 | CLAIM CONSTRUCTION BRIEF by plaintiff Yoon Ja Kim. (jmp) (Entered: 11/05/2004) |
| 11/04/2004 | 57 | EXHIBITS by plaintiff Yoon Ja Kim to Claim Construcction Brief Vols: I, II (Attachments), (Documents 57-1 through 57-2). (jmp) (Entered: 11/05/2004) |
| 11/24/2004 | 58 | RESPONSE by defendant, counter-claimant to plaintiff Yoon Ja Kim's claim construction brief. (jmp) (Entered: 11/29/2004) |
| 11/24/2004 | 59 | REPLY by plaintiff, counter-defendant to defendant's claim construction brief (Attachments); Notice. (jmp) (Entered: 11/29/2004) |
| 11/30/2004 | 60 | MINUTE ORDER of 11/30/04 by Honorable Michael T. Mason : Replies to the parties; Markman briefs to be filed by 12/10/2004, with a courtesy copy to chambers, room 2206. Mailed notice (jmp) (Entered: 12/01/2004) |

| 12/07/2004 | 64 | MOTION by plaintiff for leave to file first amended complaint ; Notice. (jmm) (Entered: 12/16/2004) |
| 12/10/2004 | 61 | CLAIMS CONSTRUCTION REPLY Brief by Sara Lee (eav) (Entered: 12/13/2004) |
| 12/10/2004 | 62 | REPLY by plaintiff to defendant's response to plaintiff Yoon Ja Kim's Claim Construction brief (Attachments); Notice of filing (eav) (Entered: 12/13/2004) |
| 12/14/2004 | 63 | OBJECTION by Sara Lee to plaintiff's motion to amend the complaint. (rbf) (Entered: 12/15/2004) |
| 12/15/2004 | 65 | MINUTE ORDER of 12/15/04 by Honorable Michael T. Mason: Plaintiff's reply to her motion for leave to file first amended complaint [64-1] to be filed by 12/22/04. Mailed notice (jmm) (Entered: 12/16/2004) |
| 12/22/2004 | 66 | RESPONSE by plaintiff, counter-defendant to Sara Lee's objection to plaintiff's motion to amend the complaint leave to file first amended complaint [64-1]; Notice. (jmp) (Entered: 12/23/2004) |
| 12/22/2004 | 67 | CONFIDENTIAL EXHIBITS by plaintiff, counter-defendant to plaintiff's response to Sara Lee's objection to plaintiff's motion to amend the complaint (RESTRICTED). (jmp) (Entered: 12/23/2004) |
| 12/29/2004 | 68 | MINUTE ORDER of 12/29/04 by Honorable Michael T. Mason: As stated on the reverse of this order, plaintiff's motion for leave to file first amended complaint is granted [64-1]. Defendant is given 21 days after plaintiff files her first amended complaint to answer or otherwise plead. (See reverse of minute order) Notices mailed by judge's staff (vmj) (Entered: 12/30/2004) |
| 01/03/2005 | 69 | FIRST AMENDED COMPLAINT [1-1] by plaintiff; Notice. (jmp) (Entered: 01/04/2005) |
| 01/10/2005 | 70 | MINUTE ORDER of 1/10/05 by Honorable Michael T. Mason : The Court has construed the disputed terms in claims 5 through 8 and 10 of the 7355 patent in the attached Memorandum Opinion and Order. Status hearing set for 9:00 a.m. on 01/27/2005. Entered Memorandum Opinion and Order. Mailed notice by judge's staff (jmp) (Entered: 01/11/2005) |
| 01/24/2005 | 71 | MOTION by Plaintiff Yoon Ja Kim for withdrawal of Lord, Bissell & Brook LLP and its individual attorneys Keith Parr and Denean Sturino as counsel for the plaintiff. (dmkf, ) (Entered: 01/25/2005) |
| 01/24/2005 | 72 | NOTICE of Motion by Yoon Ja Kim for presentment of MOTION by Plaintiff Yoon Ja Kim to withdraw 71 before Honorable Michael T. Mason on 1/27/2005 at 09:00 AM. (amb, ) (Entered: 01/25/2005) |
| 01/25/2005 | 73 | MOTION by Defendant for leave to file answer to first amended complaint and counterclaim, instanter (ntf, ) (Entered: 01/26/2005) |
| 01/25/2005 | 74 | NOTICE by defendant of motion for leave to file answer to first amended complaint and counterclaim, instanter 73 before Honorable Michael T. Mason on 1/27/2005 at 09:00 AM. (ntf, ) (Entered: 01/26/2005) |

| | | |
|---|---|---|
| 01/27/2005 | 75 | MINUTE entry before Judge Michael T. Mason : Status hearing and continued to 2/15/2005 at 09:00 AM. MOTION by Plaintiff Yoon Ja Kim to withdraw 71 is granted, Keith Parr and Denean Sturino are given leave to withdraw as counsel for plaintiff. Plaintiff is given 2 weeks to find new counsel who would be present at the 2/15/2005 status. Defendant Earthgrains Company, for leave to file instanter 73 , first amended complaint and counterclaim 74 is granted. Defendant is ordered to file its original answer with the Clerk's Office. Docketing to mail notices (jmp, ) (Entered: 01/28/2005) |
| 01/28/2005 | 78 | ANSWER by defendant Earthgrains Company to plaintiff's first amended complaint 69 ; Notice.(lcw, Lakisha) Modified on 2/1/2005 (lcw, Lakisha). (Entered: 02/01/2005) |
| 01/31/2005 | 76 | MOTION by Plaintiff Yoon Ja Kim for leave to file plaintiff's letter to Sen. Gassley and order to file defendant's response to plaintiff's letter to Sen. Grassley (nlf, ) (Entered: 01/31/2005) |
| 01/31/2005 | 77 | NOTICE of Motion by Yoon Ja Kim for presentment of motion for leave to file plaintiff's letter to Sen. Grassley and order to file defendant's response to plaintiff's letter to Sen. Grassley 76 before Honorable Michael T. Mason on 2/3/2005 at 09:00 AM. (nlf, ) (Entered: 01/31/2005) |
| 02/03/2005 | 79 | MINUTE entry before Judge Michael T. Mason : Motion hearing held. Plaintiff's motion for leave to file plaintiff's letter to Sen. Grassley and order to file defendant's response to plaintiff's letter 76 is denied. Notices mailed by judge's staff (kef, ) (Entered: 02/03/2005) |
| 02/15/2005 | 80 | MINUTE entry before Judge Michael T. Mason : Status hearing held on 2/15/2005 and continued to 3/2/05 at 9:00 a.m. Notices mailed by judge's staff (kef, ) (Entered: 02/15/2005) |
| 03/02/2005 | 81 | MINUTE entry before Judge Michael T. Mason : Status hearing held on 3/2/2005 and continued to 3/9/2005 at 09:00 AM. Dean A. Pelletier and the firm of McAndrews, Held & Malloy are given leave to file their appearances on behalf of plaintiff. Docketing to mail notice (jmp, ) (Entered: 03/03/2005) |
| 03/09/2005 | 82 | MINUTE entry before Judge Michael T. Mason : Magistrate Judge Status hearing held on 3/9/2005 and continued to 4/12/05 at 9:00 a.m. Plaintiff is allowed to supplement discovery as to the new claim by 4/8/05 but is not allowed to issue or take new discovery. Judicial staff mailed notice (kef, ) (Entered: 03/09/2005) |
| 03/17/2005 | 83 | ATTORNEY Appearance for Plaintiff Yoon Ja Kim by James P. Murphy, Dean Andrew Pelletier. (cem) (Entered: 03/21/2005) |
| 03/17/2005 | 84 | REPLY by plaintiff Yoon Ja Kim to defendant's answer to plaintiff's first amended complaint 78 . (cdy, ) (Entered: 03/22/2005) |
| 04/12/2005 | 85 | MINUTE entry before Judge Michael T. Mason: Status hearing held on 4/12/2005 and continued to 5/12/2005 at 9:00 A.M. Defendant to file motion to bar evidence of additional accused products by 4/26/2005. Plaintiff to respond to the motion by 5/10/2005. Ruling will be by mail. Status hearing set in open court for 5/4/2005 is stricken. Mailed notice by judge's staff. (srb,) (Entered: |

| | | 04/12/2005 |
|---|---|---|
| 04/26/2005 | 86 | MOTION by Defendant Earthgrains Company, The to bar evidence relating to newly accused products. (jmp, ) (Entered: 05/02/2005) |
| 05/10/2005 | 88 | MEMORANDUM by Yoon Ja Kim in Opposition to motion to bar evidence relating to newly accused products 86 (jmp, ) (Entered: 05/16/2005) |
| 05/11/2005 | 87 | MINUTE entry before Judge Michael T. Mason : Status hearing set for 5/12/05 is stricken and reset to 5/26/05 at 9:00 a.m. Judicial staff mailed notice (kef, ) (Entered: 05/11/2005) |
| 05/12/2005 | 89 | MINUTE entry before Judge Michael T. Mason : As stated in this order, defendant's motion to bar evidence relating to newly accused products 86 is granted. Docketing to mail notice (jmp, ) (Entered: 05/16/2005) Modified (Entered: 05/24/2005) |
| 05/23/2005 | 91 | STATUS Report for the 5/25/2005 status heairng by Yoon Ja Kim (Attachments: # 1) Table of Exhibits.(jmp, ) (Entered: 05/26/2005) |
| 05/26/2005 | 90 | MINUTE entry before Judge Michael T. Mason : Status hearing set for 5/26/05 is stricken and reset to 6/6/05 at 9:00 a.m. Judicial staff mailed notice (kef, ) (Entered: 05/26/2005) |
| 06/06/2005 | 92 | MINUTE entry before Judge Michael T. Mason : Magistrate Judge Status hearing held on 6/6/2005. By 6/13/05, plaintiff must produce the composition (the identities and amounts of the ingredients) in the "black box" premixes used in each of the products that plaintiff accuses of infringement. Defendant is to supplement its financial information and its response to interrogatory no. 4 (the non-infringement interrogatory) by 6/20/05. Dr. Kim's deposition is to procede by 6/27/05. Parties are to file their cross-motions for summary judgment on 9/2/05. The parties are instructed to discuss the possibility of a settlement conference and contact the courtroom deputy, 312/435-6051, to inform the Court if there is any interest. Judicial staff mailed notice (kef, ) (Entered: 06/06/2005) |
| 06/13/2005 | 93 | MOTION by Plaintiff Yoon Ja Kim for status hearing (gma, ) (Entered: 06/14/2005) |
| 06/13/2005 | 94 | NOTICE of Motion by Yoon Ja Kim for presentment of MOTION by Plaintiff Yoon Ja Kim for status hearing 93 before Honorable Michael T. Mason on 6/23/2005 at 09:00 AM. (gma, ) (Entered: 06/14/2005) |
| 06/13/2005 | 95 | IDENTIFICATION by Yoon Ja Kim of premix ingredients in defendant's accused Healthy Choice products (gma, ) (Entered: 06/14/2005) |
| 06/14/2005 | 96 | SUPPLEMENT to plaintiff Yoon Ja Kim's identification of Premix ingredients in defendant's accused Healty Choice products. (jmp, ) (Entered: 06/21/2005) |
| 06/23/2005 | 97 | UNOPPOSED MOTION by Defendant Earthgrains Company, The for leave to file additional appearance. (jmp, ) (Entered: 06/27/2005) |
| 06/23/2005 | 98 | MINUTE entry before Judge Michael T. Mason : Motion hearing held on 6/23/2005. Plaintiff's Motion for a status hearing 93 is granted. Defendant's |

| | | |
|---|---|---|
| | | unopposed Motion for leave to file additional appearance 97 is granted. Craig Christopher Martin and Elizabeth L Fine are given leave to file their appearances on behalf of defendant. Mailed notice (jmp, ) (Entered: 06/27/2005) |
| 07/07/2005 | 99 | RESPONSE by Plaintiff Yoon Ja Kim to defendant Sara Lee's citation of 21 C.F.R. 101.100(a)(3)(ii) (jmp, ) (Entered: 07/12/2005) |
| 07/07/2005 | 100 | EXHIBITS A-D to Plaintiff Yoon Ja Kim's RESPONSE defendant Sara Lee's citation of 21 C.F.R. 101.100(a)(3)(ii) 99 (jmp, ) (Entered: 07/12/2005) |
| 07/08/2005 | 101 | ATTORNEY Appearance for Plaintiff, Counter Defendant Yoon Ja Kim by Jonathan M Rushman (jmp, ) (Entered: 07/12/2005) |
| 07/11/2005 | 102 | ATTORNEY Appearance for Defendant, The, Counter Claimant Earthgrains Company, The by Elizabeth L Fine, Craig Christopher Martin (jmp, ) (Entered: 07/14/2005) |
| 07/18/2005 | 103 | MINUTE entry before Judge Michael T. Mason : Status hearing set for 7/28/2005 at 09:00 AM. Judicial staff mailed notice (kef, ) (Entered: 07/18/2005) |
| 07/25/2005 | 104 | MOTION by Defendant to withdraw appearances(gma, ) (Entered: 07/25/2005) |
| 07/25/2005 | 105 | NOTICE of Motion by Earthgrains Company, The for presentment of MOTION by Defendant to withdraw appearances 104 before Honorable Michael T. Mason on 7/28/2005 at 09:00 AM. (gma, ) (Entered: 07/25/2005) |
| 07/27/2005 | 106 | MINUTE entry before Judge Michael T. Mason : Status hearing set for 7/28/2005 is stricken and reset to 8/24/2005 at 09:00 AM. Daniel Alexander Trevino; David H. Levitt and Mark C. Metzger's Motion to withdraw as counsel for defendant 104 is granted. Mailed notice (jmp, ) (Entered: 07/27/2005) |
| 08/15/2005 | 107 | COMBINED MOTION by Plaintiff Yoon Ja Kim to compel the production of documents, things and information and to modify the protective order and memorandum in support thereof (las, ) (Entered: 08/16/2005) |
| 08/15/2005 | 108 | NOTICE of Motion by Dean Andrew Pelletier for presentment of plaintiff's combined motion to compel the production of documents, things and information and to modify the protective order 107 before Honorable Michael T. Mason on 8/18/2005 at 09:00 AM. (las, ) (Entered: 08/16/2005) |
| 08/15/2005 | 109 | EXHIBIT A and B to Plaintiff Yoon Ja Kim's combined motion to compel the production of documents, things and information and to modify the protective order 107 (RESTRICTED) (Entered: 08/16/2005) |
| 08/15/2005 | 110 | EXHIBIT C-T to Plaintiff Yoon Ja Kim combined motion to compel the production of documents, things and information and to modify the protective order and memorandum in support thereof 107 (las, ) (Entered: 08/16/2005) |
| 08/17/2005 | 111 | MINUTE entry before Judge Michael T. Mason : Defendant's response to plaintiff's motion to compel and to modify the protective order 107 to be filed and served by close of business on 8/22/05, with a courtesy copy delivered to chambers, room 2206. No appearance is required on the noticed motion date of 8/18/05. Judicial staff mailed notice (kef, ) (Entered: 08/17/2005) |

| | | |
|---|---|---|
| 08/22/2005 | 112 | RESPONSE by Earthgrains Company, The to MOTION by Plaintiff Yoon Ja Kim to amend/correct MOTION by Plaintiff Yoon Ja Kim to compel 107 (Attachments: # 1 Index of Exhibits# 2 Exhibit A# 3 Exhibit B# 4 Exhibit C# 5 Exhibit D# 6 Exhibit E)(Martin, Craig) (Entered: 08/22/2005) |
| 08/24/2005 | 113 | MINUTE entry before Judge Michael T. Mason : Status hearing held and continued to 9/7/05 at 9:30 a.m. As stated in open court, plaintiff's combined motion to compel the production of documents, things and information and to modify the protective order 107 is denied. Fact discovery has been closed for over a year and therefore, the motion is untimely. Plaintiff's damages expert shall update his report by 10/5/05. Defendant's damages expert shall update his report by 11/15/05. The 9/2/05 date for parties to file cross-motions for summary judgment is stricken. Judicial staff mailed notice (kef, ) (Entered: 08/24/2005) |
| 09/07/2005 | 114 | MINUTE entry before Judge Michael T. Mason : Magistrate Judge Status hearing held on 9/7/2005. Plaintiff is given leave to issue subpoena to ConAgra as discussed in open court. Judicial staff mailed notice (kef, ) (Entered: 09/07/2005) |
| 10/21/2005 | 115 | MOTION by Plaintiff Yoon Ja Kim to compel *Third-Party ConAgra Foods, Inc. To Comply With Subpoena* (Attachments: # 1 Exhibit Index# 2 Exhibit A# 3 Exhibit B-G# 4 Exhibit H# 5 Exhibit I-L# 6 Exhibit M-N# 7 Exhibit O-Q# 8 Exhibit R# 9 Exhibit S# 10 Declaration of Jonathan M. Rushman# 11 Text of Proposed Order Granting Motion To Compel)(Rushman, Jonathan) (Entered: 10/21/2005) |
| 10/21/2005 | 116 | NOTICE of Motion by Jonathan M Rushman for presentment of motion to compel, 115 before Honorable Michael T. Mason on 10/27/2005 at 09:00 AM. (Rushman, Jonathan) (Entered: 10/21/2005) |
| 10/24/2005 | 117 | MINUTE entry before Judge Michael T. Mason : ConAgra's response, limited to ten pages, to plaintiff's motion to comply with subpoena 115 to be filed by 11/10/05, with a courtesy copy to chambers, room 2206. No reply unless ordered by the Court. Ruling by mail. No appearance is required on the noticed motion date of 10/27/05. Mailed notice (kef, ) (Entered: 10/24/2005) |
| 11/10/2005 | 119 | OPPOSITION by third party Conagra Foods Inc to plaintiff's motion to compel Conagra to Comply With Subpoena 115 (eav, ) (Entered: 11/15/2005) |
| 11/10/2005 | 120 | DECLARATION of Kevin K. Leung in support of opposition 119 (Attachments) (eav, ) (Entered: 11/15/2005) |
| 11/10/2005 | 121 | PROOF of Service regarding declaration 120 , opposition 119 (eav, ) (Entered: 11/15/2005) |
| 11/14/2005 | 118 | MINUTE entry before Judge Michael T. Mason : Plaintiff's reply, 10 pages or less, to her motion to compel ConAgra to comply with subpoena 115 to be filed by 11/28/05. Ruling by mail unless the Court requests oral argument. (kef, ) (Entered: 11/14/2005) |
| 11/28/2005 | 122 | REPLY *In Support Of Dr. Kim's Motion To Compel Third Party ConAgra To Comply With Subpoena* (Attachments: # 1 Declaration of Jonathan M. Rushman# 2 Exhibit Index# 3 Exhibit A-B# 4 Exhibit C-D# 5 Exhibit E# 6 |

|  |  | Exhibit F-G# 7 Exhibit H-J)(Rushman, Jonathan) (Entered: 11/28/2005) |
|---|---|---|
| 12/06/2005 | 123 | MINUTE entry before Judge Michael T. Mason : As stated in the attached order, plaintiff's motion to copel third-party ConAgra Foods, Inc. to comply with subpoena 115 is granted. Status hearing set for 1/24/2006 at 09:00 AM. (kef, ) (Entered: 12/06/2005) |
| 12/21/2005 | 124 | MOTION by Plaintiff Yoon Ja Kim for protective order *and memorandum in support thereof* (Attachments: # 1 Text of Proposed Order Granting Plaintiff Yoon Ja Kim's Motion# 2 Declaration of Jonathan M. Rushman# 3 Exhibit Index# 4 Exhibit A# 5 Exhibit B-D# 6 Exhibit E-H)(Rushman, Jonathan) (Entered: 12/21/2005) |
| 12/21/2005 | 125 | NOTICE of Motion by Jonathan M Rushman for presentment of motion for protective order, 124 before Honorable Michael T. Mason on 1/3/2006 at 09:00 AM. (Rushman, Jonathan) (Entered: 12/21/2005) |
| 12/21/2005 | 126 | *Corrected* NOTICE of Motion by Jonathan M Rushman for presentment of motion for protective order, 124 before Honorable Michael T. Mason on 1/3/2006 at 09:00 AM. (Rushman, Jonathan) (Entered: 12/21/2005) |
| 12/22/2005 | 127 | MOTION by Plaintiff Yoon Ja Kim for leave to file , *Instanter, Corrected Exhibit A To Plaintiff Yoon Ja Kim's Combined Motion To Enter Protective Order And Memorandum In Support Thereof* (Attachments: # 1 Exhibit A# 2 Certificate of Service # 3 Text of Proposed Order Granting Kim's Motion For Leave To File, Instanter, Corrected Exhibit A)(Rushman, Jonathan) (Entered: 12/22/2005) |
| 12/22/2005 | 128 | NOTICE of Motion by Jonathan M Rushman for presentment of motion for leave to file, 127 before Honorable Michael T. Mason on 1/3/2006 at 09:00 AM. (Rushman, Jonathan) (Entered: 12/22/2005) |
| 12/28/2005 | 129 | MINUTE entry before Judge Michael T. Mason : Plaintiff's motion for leave to file, instanter, corrected Exhibit A to plaintiff's motion for protective order 127 is granted. ConAgra's response, limited to no more than 7 pages, to plaintiff's motion for protective order 124 to be filed by 1/13/06, with a courtesy copy to chambers, room 2206. No appearance is required on the noticed motion date of 1/3/06. (kef, ) (Entered: 12/28/2005) |
| 01/13/2006 | 132 | OPPOSITION by Conagra Foods Inc to plaintiff's combined motion to enter protective order and memorandum in support thereof 124 ; Proof of Service (eav, ) (Entered: 01/18/2006) |
| 01/13/2006 | 133 | DECLARATION of Leslie E. Nash submitted in support of third-party Conagra Foods, Inc.'s opposition 132 (Exhibits) (eav, ) (Entered: 01/18/2006) |
| 01/17/2006 | 130 | MOTION by Plaintiff Yoon Ja Kim for leave to file *Reply In Support Of Plaintiff's Motion To Enter Protective Order* (Attachments: # 1 Declaration of Jonathan M. Rushman# 2 Exhibit Index# 3 Exhibit A (Reply In Support Of Plaintiff's Motion To Enter Protective Order)# 4 Exhibit A (Exhibits To Reply)# 5 Exhibit B-E# 6 Text of Proposed Order # 7 Certificate of Service)(Rushman, Jonathan) (Entered: 01/17/2006) |

| 01/17/2006 | 131 | NOTICE of Motion by Jonathan M Rushman for presentment of motion for leave to file, 130 before Honorable Michael T. Mason on 1/24/2006 at 09:00 AM. (Rushman, Jonathan) (Entered: 01/17/2006) |
|---|---|---|
| 01/18/2006 | 134 | MINUTE entry before Judge Michael T. Mason : Plaintiff's motion for leave to file reply in support of plaintiff's motion to enter protective order 130 is granted. Plaintiff is ordered to refile her reply as a separate document. Status hearing set for 1/24/06 is stricken and no appearance is required by the noticed motion date of 1/24/06. Ruling by mail. (kef, ) (Entered: 01/18/2006) |
| 01/18/2006 | 135 | REPLY by Plaintiff Yoon Ja Kim *In Support Of Plaintiff's Motion To Enter Protective Order* (Attachments: # 1 Certificate of Service # 2 Declaration of Jonathan M. Rushman# 3 Exhibit A1-A3)(Rushman, Jonathan) (Entered: 01/18/2006) |
| 01/23/2006 | 136 | MINUTE entry before Judge Michael T. Mason : As stated in the attached order, plaintiff's motion for protective order 124 is denied. Status hearing set for 2/7/2006 at 09:00 AM. (kef, ) (Entered: 01/23/2006) |
| 01/27/2006 | 137 | MOTION by Plaintiff Yoon Ja Kim for protective order *(Unopposed)* (Attachments: # 1 Exhibit A - Proposed Protective Order# 2 Text of Proposed Order # 3 Certificate of Service)(Rushman, Jonathan) (Entered: 01/27/2006) |
| 01/27/2006 | 138 | NOTICE of Motion by Jonathan M Rushman for presentment of motion for protective order 137 before Honorable Michael T. Mason on 2/1/2006 at 09:00 AM. (Rushman, Jonathan) (Entered: 01/27/2006) |
| 01/30/2006 | 139 | MOTION by Plaintiff Yoon Ja Kim for protective order *(Second Unopposed)* (Attachments: # 1 Exhibit A - Proposed Protective Order# 2 Certificate of Service # 3 Text of Proposed Order)(Rushman, Jonathan) (Entered: 01/30/2006) |
| 01/30/2006 | 140 | NOTICE of Motion by Jonathan M Rushman for presentment of motion for protective order 139 before Honorable Michael T. Mason on 2/2/2006 at 09:00 AM. (Rushman, Jonathan) (Entered: 01/30/2006) |
| 02/01/2006 | 141 | MINUTE entry before Judge Michael T. Mason : Plaintiff's unopposed motion for protective order 137 , 139 are granted as laid out in the 2/1/06 Protective Order. ConAgra is ordered to produce the subpoenaed documents by 2/20/06. Status hearing set for 2/7/06 is stricken and reset to 2/28/2006 at 9:00 a.m. Enter Protective Order regarding documents and information produced pursuant to third-party subpoena. Mailed notice (eav, ) (Entered: 02/03/2006) |
| 02/01/2006 | 142 | PROTECTIVE Order regarding documents and information produced pursuant to third-party subpoena Signed by Judge Michael T. Mason on 2/1/2006:Mailed notice(eav, ) (Entered: 02/03/2006) |
| 02/09/2006 | 143 | Notice of Filing of Authority by Earthgrains Company, The (Martin, Craig) (Entered: 02/09/2006) |
| 02/28/2006 | 144 | MINUTE entry before Judge Michael T. Mason : Magistrate Judge Status hearing held on 2/28/2006 and continued to 3/30/06 at 9:00 a.m. (kef, ) (Entered: 02/28/2006) |

| 03/29/2006 | 145 | MOTION by Plaintiff Yoon Ja Kim to withdraw as attorney *her current counsel* (Attachments: # 1 Text of Proposed Order # 2 Certificate of Service)(Rushman, Jonathan) (Entered: 03/29/2006) |
|---|---|---|
| 03/29/2006 | 146 | NOTICE of Motion by Jonathan M Rushman for presentment of motion to withdraw as attorney 145 before Honorable Michael T. Mason on 4/11/2006 at 09:00 AM. (Rushman, Jonathan) (Entered: 03/29/2006) |
| 03/29/2006 | 147 | MOTION by Plaintiff Yoon Ja Kim to withdraw as attorney *her current counsel - Revised Proposed Order* (Rushman, Jonathan) (Entered: 03/29/2006) |
| 03/30/2006 | 148 | MINUTE entry before Judge Michael T. Mason : Magistrate Judge Status hearing held on 3/30/2006 and continued to 4/11/06 at 9:00 a.m. Dr. Kim is ordered to appear at the next scheduled status hearing. (kef, ) (Entered: 03/30/2006) |
| 04/11/2006 | 149 | MINUTE entry before Judge Michael T. Mason : Magistrate status hearing held on 4/11/06 and continued to 5/16/06 at 9:00 a.m. Plaintiff's motion for leave for her counsel to withdraw 145 147 is granted. The appearances of James P. Murphy, Dean A. Pelletier and Jonathan M. Rushman of McAndrews, Held & Malloy, Ltd. on behalf of plaintiff are hereby withdrawn. Service in this matter shall be made on plaintiff, Yoon Ja Kim, PhD., 913 Frances Parkway, Park Ridge, Illinois, 60068, facsimile: 847/823-2444. Mailed notices (gcy, ) (Entered: 04/12/2006) |
| 05/16/2006 | 150 | MINUTE entry before Judge Michael T. Mason : Magistrate Judge Status hearing held on 5/16/2006. Plaintiff is given until 6/7/06 to obtain counsel or plaintiff must proceed pro se. Plaintiff deposition must be completed by 5/30/06. Expert report as to damages only must be updated by 6/14/06. Defendant updated expert report as to damages and ConAgra matters by 6/27/06. Defendant to file all dispositive motions by 6/13/2006. Mailed notice (smm, ) (Entered: 05/22/2006) |
| 05/22/2006 | 151 | MINUTE entry before Judge Michael T. Mason : The court's order of 5/16/ 2006 150 is modified as follows: Magistrate Judge Status hearing held on 5/16/2006. All dispositive motions to be filed by 6/13/2006. Briefing schedule on dispositive motions will be set after 6/13/2006. All other aspects of said order are stricken. Mailed notice (dl, ) (Entered: 05/22/2006) |
| 05/31/2006 | 152 | MINUTE entry before Judge Michael T. Mason : Defendant's oral motion for extension of time to file dispositive motions is granted. All dispositive motions are to be filed by 7/14/2006. Briefing schedule on dispositive motions to be set after 7/14/06. Mailed notice (smm, ) (Entered: 06/02/2006) |
| 07/11/2006 | 153 | MINUTE entry before Judge Michael T. Mason : Defendant's oral request to file its summary judgment memorandum in excess of 15 pages is granted. Defendant's summary judgment memorandum shall be no more than 18 pages. (kef, ) (Entered: 07/11/2006) |
| 07/14/2006 | 154 | MOTION by Defendant Earthgrains Company, The for summary judgment (Martin, Craig) (Entered: 07/14/2006) |

| 07/14/2006 | 155 | NOTICE of Motion by Craig Christopher Martin for presentment of motion for summary judgment 154 before Honorable Michael T. Mason on 7/19/2006 at 09:00 AM. (Martin, Craig) (Entered: 07/14/2006) |
| 07/14/2006 | 156 | NOTICE TO PRO SE LITIGANT OPPOSING SUMMARY JUDGEMENT by Earthgrains Company, The (Martin, Craig) (Entered: 07/14/2006) |
| 07/14/2006 | 157 | MEMORANDUM by Earthgrains Company, The in Support of motion for summary judgment 154 (RESTRICTED) (eav, ) (Entered: 07/17/2006) |
| 07/14/2006 | 158 | STATEMENT by Defendant Earthgrains Company, of undisputed facts in support of its MOTION for summary judgment 154 (RESTRICTED) (eav, ) (Entered: 07/17/2006) |
| 07/14/2006 | 159 | EXHIBITS by Defendant Earthgrains Company, of undisputed facts 158 (3 volumes) (RESTRICTED)(eav, ) (Entered: 07/17/2006) |
| 07/19/2006 | 160 | MINUTE entry before Judge Michael T. Mason : Status hearing held on 7/19/2006 and continued to 10/3/2006 at 9:00 AM. Defendant's motion for summary judgment 154 is stricken will leave to refile at a later date. Mailed notice (eav, ) (Entered: 07/20/2006) |
| 10/03/2006 | 161 | MINUTE entry before Judge Michael T. Mason : Magistrate Judge Status hearing held on 10/3/2006. Status hearing set for 11/14/2006 at 9:00 AM. Mailed notice (tlp, ) (Entered: 10/03/2006) |
| 11/06/2006 | 162 | MINUTE entry before Judge Michael T. Mason : Status hearing set for 11/14/06 is stricken and reset to 12/14/2006 at 09:00 AM. (kef, ) (Entered: 11/06/2006) |
| 12/07/2006 | 163 | MINUTE entry before Judge Michael T. Mason : Status hearing set for 12/14/06 is stricken and reset to 1/31/2007 at 09:00 AM. (kef, ) (Entered: 12/07/2006) |
| 12/13/2006 | 164 | EXECUTIVE COMMITTEE ORDER: Case reassigned to Magistrate Judge Judge Sidney I. Schenkier pursuant to IOP 14(B) for all further proceedings. Signed by Chief Judge James F. Holderman, Executive Committee on 12/13/06. (eav, ) (Entered: 12/15/2006) |
| 12/14/2006 | 166 | EXECUTIVE COMMITTEE ORDER: Case reassigned to Magistrate Judge Geraldine Soat Brown from Magistrate Judge Schenkier for all further proceedings.. Signed by Judge Executive Committee on 12/14/06. (eav, ) (Entered: 12/19/2006) |
| 12/18/2006 | 165 | MINUTE entry before Judge Michael T. Mason : This case having been reassigned to Judge Schenkier, status hearing before Magistrate Judge Mason on 1/31/06 is stricken. (kef, ) Modified on 12/19/2006 (dl). (Entered: 12/18/2006) |
| 12/19/2006 | 167 | MINUTE entry before Judge Geraldine Soat Brown :This matter having been assigned to Magistrate Judge Geraldine Soat Brown, an initial status hearing is hereby set before Magistrate Judge Brown on 01/09/07 at 9:00 a.m. in Courtroom 1812. The parties shall deliver a copy of an initial status report providing the information required by Judge Brown's Order Setting Initial Status Report to the Courtroom Deputy (Room 1808) three business days before the initial status hearing. See www.ilnd.uscourts.gov/JUDGE BROWN.Notice |

| | | |
|---|---|---|
| | | mailed by judge's staff (ntf, ) (Entered: 12/20/2006) |
| 01/04/2007 | 168 | STATUS Report *(Initial)* by Earthgrains Company, The (Martin, Craig) (Entered: 01/04/2007) |
| 01/09/2007 | 169 | MINUTE entry before Judge Geraldine Soat Brown: Status hearing held and continued to 04/16/07 at 9:00 a.m. If there is a ruling by the patent office regarding their action in advance of the status date, the parties shall notify Judge Brown's courtroom deputy for an earlier status date.Notice mailed by judge's staff (ntf, ) (Entered: 01/09/2007) |
| 01/09/2007 | 170 | A STATUS Report by Yoon Ja Kim (eav, ) (Entered: 01/11/2007) |
| 02/09/2007 | 171 | MINUTE entry before Judge Geraldine Soat Brown :At the court's direction, a status hearing is set for 02/27/07 at 9:15 a.m.Notice mailed by judge's staff (ntf, ) (Entered: 02/09/2007) |
| 02/27/2007 | 172 | MINUTE entry before Judge Geraldine Soat Brown:Status hearing held and continued to 08/14/07 at 9:15 a.m. Status hearing previously set for 04/16/07 is stricken. If there is a ruling by the patent office regarding their action in advance of the status date, the parties shall notify Judge Brown's courtroom deputy for an earlier status date. Defendants shall file on record the patent office's final order dated 01/23/07. Plaintiff shall file on record any filings that have been submitted to the patent office.Notice mailed by judge's staff (ntf, ) (Entered: 02/27/2007) |
| 02/27/2007 | 174 | RESPONSE by patent owner Yoon Ja Kim filed with the U.S. Patent and Trademark Office on February 26, 2007 (eav, ) (Entered: 03/01/2007) |
| 02/28/2007 | 173 | NOTICE OF UNITED STATES PATENT & TRADEMARK OFFICE COMMUNICATIONS by Earthgrains Company, The (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Martin, Craig) (Entered: 02/28/2007) |
| 08/10/2007 | 175 | MINUTE entry before Judge Geraldine Soat Brown : At the court's direction, the status hearing date of 08/14/07 is stricken and reset to 09/05/07 at 9:30 a.m.Notice mailed by judge's staff (ntf, ) (Entered: 08/10/2007) |
| 08/27/2007 | 176 | EXECUTIVE COMMITTEE ORDER: Case reassigned to Judge Susan E. Cox for all further proceedings. (See order for details) Signed by Judge Executive Committee on 8/27/07. Mailed notice (emd, ) (Entered: 08/28/2007) |
| 08/29/2007 | 177 | MINUTE entry before Judge Geraldine Soat Brown :This case has been reassigned to Magistrate Judge Susan E. Cox. The status hearing date of 09/05/07 at 9:30 a.m. is stricken.Notice mailed by judge's staff (ntf, ) (Entered: 08/29/2007) |
| 09/07/2007 | 178 | MINUTE entry before Judge Susan E. Cox : Initial status hearing set for 9/26/07 at 9:30 a.m. in Courtroom 1342. The parties are directed to review and to comply with Judge Cox's Order Setting Initial Status Report for Cases Assigned to Judge Cox. Copies are available in chambers or through Judge Cox's web page at www.ilnd.uscourts.gov. Mailed notice (vkd, ) (Entered: 09/07/2007) |
| 09/20/2007 | 179 | STATUS Report *(INITIAL)* by Earthgrains Company, The (Martin, Craig) (Entered: 09/20/2007) |

| 09/20/2007 | 180 | A STATUS Report by Yoon Ja Kim. (gej, ) (Entered: 09/21/2007) |
| 09/26/2007 | 181 | MINUTE entry before Judge Susan E. Cox :Status hearing held. The Court advised the Parties that she had represented employees of Sara Lee and former employees. Both parties waived any possible conflict of interest by the Court and agreed to proceed. Plaintiff advised the Court that she would appeal the third action of the USPTO. Parties agreed to stay this action until the appeal is resolved. Status hearing set for 1/22/2008 at 09:30 a.m. Mailed notice (vkd, ) (Entered: 09/26/2007) |
| 01/07/2008 | 182 | COMMUNICATION with Examiner's Supervisor and 01/07/2008 letter to FBI by plaitniff (Exhibit) (hp, ) (Entered: 01/10/2008) |
| 01/22/2008 | 183 | MINUTE entry before Judge Susan E. Cox :Magistrate Judge Status hearing held on and continued to 4/22/2008 at 09:30 AM for a report on whether the Patent Office has issued a final decision.Advised in open court (jms, ) (Entered: 01/22/2008) |
| 04/17/2008 | 184 | "A SUMMARY of conversations with Reexaminer" at the USPTO by Yoon Ja Kim.(Exhibits) (vcf, ) (Entered: 04/21/2008) |
| 04/22/2008 | 185 | MINUTE entry before the Honorable Susan E. Cox: Status hearing held. The Court was advised plaintiff has been granted an extension of time to file her brief regarding the patent office appeal and the determination of the Patent Office. Parties discussed the possibility of dismissal without prejudice. Plaintiff having stated she opposes the entry of dismissal without prejudice, status hearing set for 10/21/08 at 9:30 a.m. Mailed notice (vkd, ) (Entered: 04/22/2008) |
| 05/30/2008 | 186 | MOTION by counsel for Defendant Earthgrains Company, The, Counter Claimant Earthgrains Company, The to withdraw as attorney (Fine, Elizabeth) (Entered: 05/30/2008) |
| 06/30/2008 | 187 | MINUTE entry before the Honorable Susan E. Cox:Motion by Elizabeth L. Fine, counsel for Defendant/counter-claimant The Earthgrains Co. to withdraw as counsel 186 is granted. Attorney Elizabeth L. Fine terminated. Mailed notice (vkd, ) (Entered: 07/01/2008) |
| 10/21/2008 | 188 | MINUTE entry before the Honorable Susan E. Cox: Status hearing held. Plaintiff stated her objection to dismissal without prejudice. Plaintiff and Defendant are to each advise the Court in writing of the status of the patent litigation/ or any potential ruling and its effect on the instant matter. Status hearing set for 4/21/09 at 9:30 a.m. The parties are to advise the Court if there is a need to reset the status hearing date if no ruling occurs. Mailed notice (vkd, ) (Entered: 10/22/2008) |
| 10/29/2008 | 189 | ATTORNEY Appearance for Defendant Earthgrains Company, The, Counter Claimant Earthgrains Company, The by Sara Elizabeth Tonnies (Tonnies, Sara) (Entered: 10/29/2008) |
| 01/08/2009 | 190 | OMNIBUS Motion by Plaintiff Yoon Ja Kim (Exhibit). (smm) (Entered: 01/09/2009) |

| 01/08/2009 | 191 | NOTICE of Motion by Plaintiff Yoon Ja Kim for presentment of before Honorable Susan E. Cox on 1/16/2009 at 9:30 A.M. (smm) (Entered: 01/09/2009) |
| 01/13/2009 | 192 | MINUTE entry before the Honorable Susan E. Cox: Motion hearing held. The Court was advised that the parties are awaiting a decision from the USPTO regarding the certificate for re-examination. The Court inquired whether Plaintiff intends to amend/modify her complaint. Plaintiff advised the Court she does not intend to amend her Complaint. Plaintiff's Omnibus motion (190) is stricken as moot. Status hearing set for 1/28/09 at 9:30 a.m. The parties are to notify the Court if no ruling occurs before the next schedule status hearing date. Status hearing set for 4/21/09 at 9:30 a.m. is stricken. Mailed notice (vkd, ) (Entered: 01/14/2009) |
| 01/26/2009 | 196 | RECONSIDERATION of plaintiff's Omibus Motion Filed on 1/8/2009. (vcf, ) (Entered: 01/28/2009) |
| 01/27/2009 | 193 | ATTORNEY Appearance for Defendant Earthgrains Company, The, Counter Claimant Earthgrains Company, The by Steven Raymond Trybus (Trybus, Steven) (Entered: 01/27/2009) |
| 01/27/2009 | 194 | RESPONSE by Defendant Earthgrains Company, The, Counter Claimant Earthgrains Company, The to petition 190 (Martin, Craig) (Entered: 01/27/2009) |
| 01/27/2009 | 195 | MINUTE entry before the Honorable Susan E. Cox: Status hearing set for 1/28/09 at 9:30 a.m. is stricken. Status hearing set for 2/10/09 at 9:30 a.m. Mailed notice (vkd, ) (Entered: 01/27/2009) |
| 02/10/2009 | 197 | MINUTE entry before the Honorable Susan E. Cox: Status hearing held. Document #196, Reconsideration of Plaintiff's Omnibus Motion filed on 1/8/09 is construed as a motion. Said motion is denied as premature for the reasons stated in open court. Plaintiff was advised by the Court to seek legal representation. Status hearing set for 3/16/09 at 9:30 a.m. Mailed notice (vkd, ) (Entered: 02/11/2009) |
| 03/16/2009 | 198 | MINUTE entry before the Honorable Susan E. Cox: Status hearing held. Plaintiff was advised to complete and to file a petition to proceed in forma pauperis and a motion for appointment of counsel on or before 3/31/09. Mailed notice (vkd, ) (Entered: 03/17/2009) |
| 03/18/2009 | 199 | MOTION by Plaintiff Yoon Ja Kim for appointment of counsel. (vcf, ) (Entered: 03/20/2009) |
| 03/18/2009 | 200 | APPLICATION by Plaintiff Yoon Ja Kim for leave to proceed in forma pauperis and financial affidavit. (vcf, ) (Entered: 03/20/2009) |
| 03/31/2009 | 201 | MINUTE entry before the Honorable Susan E. Cox: Plaintiff's motion for leave to proceed in forma pauperis (200) is granted. Plaintiff's motion for appointment of counsel (199) is granted. Attorney Gary E. Hood, of the law firm of McDonnell Boehnen Hulbert & Berghoff LLP, 300 S. Wacker, Suite 3100, Chicago, IL 60606-6709, (312) 913-2146 is appointed to represent the plaintiff. Mailed notice (vcf, ) (Entered: 04/02/2009) |

12/16/2010 1:08 PM

| 04/06/2009 | 204 | EX PARTE reexamination Certificate Issued by the USPTO on 3/31/2009. (RESTRICTED) (vcf, ) (Entered: 04/08/2009) |
|---|---|---|
| 04/07/2009 | 202 | MINUTE entry before the Honorable Susan E. Cox: Status hearing set for 4/28/09 at 9:30 a.m. Mailed notice (vkd, ) (Entered: 04/07/2009) |
| 04/07/2009 | 203 | ATTORNEY Appearance for Plaintiff Yoon Ja Kim by Gary Edward Hood (Hood, Gary) (Entered: 04/07/2009) |
| 04/28/2009 | 205 | MINUTE entry before the Honorable Susan E. Cox: Status hearing held. Parties advised the Court of the status of discovery. The Court inquired regarding a settlement conference. The parties will advise the Court whether they need a settlement conference. Status hearing set for 6/1/09 at 9:30 a.m. Mailed notice (vkd, ) (Entered: 04/29/2009) |
| 05/22/2009 | 206 | ATTORNEY Appearance for Plaintiff Yoon Ja Kim, Counter Defendant Yoon Ja Kim by Nicole Ellison Lammers (Lammers, Nicole) (Entered: 05/22/2009) |
| 06/01/2009 | 207 | MINUTE entry before the Honorable Susan E. Cox: Status hearing held. Settlement conference set for 7/22/09 at 1:30 p.m. Plaintiff's counsel will submit a written itemization of damages and settlement demand to defendant's counsel by 7/1/09 with a courtesy copy sent to the Court. Defendant's counsel shall submit a written offer to plaintiff's counsel and the Court by 7/8/09. Plaintiff's counsel shall deliver or fax copies of these letters to Judge Cox's chambers no later than 7/15/09. Mailed notice (vkd, ) (Entered: 06/02/2009) |
| 06/10/2009 | 208 | MINUTE entry before the Honorable Susan E. Cox: Settlement conference set for 7/22/09 at 1:30 p.m. is stricken. Settlement conference set for 7/9/09 at 10:00 a.m. Plaintiff's counsel will submit a written itemization of damages and settlement demand to defendant's counsel by 6/18/09 with a courtesy copy sent to the Court. Defendant's counsel shall submit a written offer to plaintiff's counsel and the Court by 6/25/09. Plaintiff's counsel shall deliver or fax copies of these letters to Judge Cox's chambers no later than 6/30/09. Mailed notice (vkd, ) (Entered: 06/11/2009) |
| 07/06/2009 | 209 | ATTORNEY Appearance for Defendant Earthgrains Company, The, Counter Claimant Earthgrains Company, The by Olivia T. Luk (Luk, Olivia) (Entered: 07/06/2009) |
| 07/06/2009 | 210 | ATTORNEY Appearance for Defendant Earthgrains Company, The, Counter Claimant Earthgrains Company, The by Eric Andrew Sacks (Sacks, Eric) (Entered: 07/06/2009) |
| 07/09/2009 | 211 | MINUTE entry before the Honorable Susan E. Cox: Settlement conference held on 7/9/09. Status hearing set for 8/18/09 at 9:30 a.m. Mailed notice (vkd, ) (Entered: 07/09/2009) |
| 08/18/2009 | 212 | MINUTE entry before the Honorable Susan E. Cox: Status hearing held. Defendants' oral motion to amend pleadings is granted. Supplemental fact discovery deadline is extended to 11/30/09 for patent re-examination issues. Jury Trial set for 2/08/10 at 10:00 a.m. Status hearing set for 10/7/09 at 9:30 a.m. Mailed notice (vkd, ) (Entered: 08/18/2009) |

| 09/25/2009 | 213 | AMENDED Answer by Defendant The Earthgrains Company, to amended complaint 69 , COUNTERCLAIM filed by The Earthgrains Company, against Yoon Ja Kim. (Trybus, Steven) Modified on 9/25/2009 (cdy, ). (Entered: 09/25/2009) |
| --- | --- | --- |
| 10/07/2009 | 214 | MINUTE entry before the Honorable Susan E. Cox: Status hearing held. Parties advised the Court of the progress of discovery, including the identification of the brands and products in dispute. Answer to counterclaim to be filed week of October 13, 2009. The Court inquired regarding the scheduling of a settlement conference. Status hearing set for November 18, 2009 at 9:30 a.m. Mailed notice (vkd, ) (Entered: 10/07/2009) |
| 10/15/2009 | 215 | *Plaintiff's* ANSWER to counterclaim *(Amended)* by Yoon Ja Kim(Hood, Gary) (Entered: 10/15/2009) |
| 10/19/2009 | 216 | NOTICE by Olivia T. Luk of Change of Address (Luk, Olivia) (Entered: 10/19/2009) |
| 10/19/2009 | 217 | NOTICE by Sara Elizabeth Tonnies of Change of Address (Tonnies, Sara) (Entered: 10/19/2009) |
| 10/20/2009 | 218 | NOTICE by Eric Andrew Sacks of Change of Address (Sacks, Eric) (Entered: 10/20/2009) |
| 11/18/2009 | 219 | MINUTE entry before the Honorable Susan E. Cox: Status hearing held. Defendant will inform the court if it needs a supplemental deposition of plaintiff. Defendant given leave to file its motion as outlined in open court with a proposed briefing schedule. Status hearing set for 12/16/09 at 9:30 a.m. Mailed notice (vkd, ) (Entered: 11/19/2009) |
| 12/14/2009 | 220 | MOTION by Defendant Earthgrains Company, The for partial summary judgment *On Applicable Damages Period* (Trybus, Steven) (Entered: 12/14/2009) |
| 12/14/2009 | 221 | MEMORANDUM by Earthgrains Company, The in support of motion for partial summary judgment 220 (Trybus, Steven) (Entered: 12/14/2009) |
| 12/14/2009 | 222 | STATEMENT by Earthgrains Company, The *Of Undisputed Material Facts In Support Of Defendant's Motion For Partial Summary Judgment On Applicable Damages Period* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S)(Trybus, Steven) (Entered: 12/14/2009) |
| 12/16/2009 | 223 | MINUTE entry before Honorable Susan E. Cox: Status hearing held. Parties advised the Court they will be supplementing expert reports and exchanging additional discovery. Response to defendant's motion for partial summary judgment 220 to be filed on or before 1/8/10. Reply to be filed 1/15/10. Oral argument set for 1/21/10 at 1:30 p.m. Mailed notice (vkd, ) (Entered: 12/17/2009) |

| | | |
|---|---|---|
| 12/23/2009 | 224 | MOTION by Defendant Earthgrains Company, The Rule 16 Motion and Motion in Limine (Attachments: # 1 Text of Proposed Order)(Trybus, Steven) (Entered: 12/23/2009) |
| 12/23/2009 | 225 | MEMORANDUM by Earthgrains Company, The in support of motion for miscellaneous relief 224 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Trybus, Steven) (Entered: 12/23/2009) |
| 01/05/2010 | 226 | MOTION by Defendant Earthgrains Company, The for partial summary judgment *Of Non-Infringement Of The Healthy Choice Products Based On Collateral Estoppel* (Trybus, Steven) (Entered: 01/05/2010) |
| 01/05/2010 | 227 | MEMORANDUM by Earthgrains Company, The in support of motion for partial summary judgment 226 (Trybus, Steven) (Entered: 01/05/2010) |
| 01/05/2010 | 228 | STATEMENT by Earthgrains Company, The *Of Undisputed Material Facts In Support Of Defendant's Motion For Partial Summary Judgment Of Non-Infringement Of The Healthy Choice Products Based On Collateral Estoppel* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Trybus, Steven) (Entered: 01/05/2010) |
| 01/08/2010 | 229 | RESPONSE by Yoon Ja Kimin Opposition to MOTION by Defendant Earthgrains Company, The for partial summary judgment *On Applicable Damages Period* 220 (Hood, Gary) (Entered: 01/08/2010) |
| 01/08/2010 | 230 | RESPONSE by Plaintiff Yoon Ja Kim to statement,, 222 and Statement of *Additional Facts in Opposition to Defendant's Motion for Summary Judgment* (Attachments: # 1 Exhibit 1, # 2 Exhibit 1-1, # 3 Exhibit 1-2, # 4 Exhibit 1-3, # 5 Exhibit 1-4, # 6 Exhibit 1-5, # 7 Exhibit 1-6, # 8 Exhibit 1-7, # 9 Exhibit 1-8, # 10 Exhibit 1-9, # 11 Exhibit 1-10, # 12 Exhibit 1-11, # 13 Exhibit 1-12, # 14 Exhibit 2, # 15 Exhibit 3)(Hood, Gary) (Entered: 01/08/2010) |
| 01/09/2010 | 231 | TRANSCRIPT OF PROCEEDINGS held on 8/18/2009 before the Honorable Susan E. Cox. Court Reporter Contact Information: Riki Schatell, 773-728-7281, Schatell@sbcglobal.net.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 2/1/2010. Redacted Transcript Deadline set for 2/9/2010. Release of Transcript Restriction set for 4/9/2010. (td, ) (Entered: 01/11/2010) |
| 01/15/2010 | 232 | MINUTE entry before Honorable Susan E. Cox: Oral argument on defendant's motion for partial summary judgment 220 set for 1/21/10 at 1:30 p.m. is stricken. Oral argument reset to 1/28/10 at 10:00 a.m. Mailed notice (vkd, ) (Entered: 01/15/2010) |

| | | |
|---|---|---|
| 01/15/2010 | 233 | MOTION by Defendant Earthgrains Company, The for extension of time (Attachments: # 1 Text of Proposed Order)(Luk, Olivia) (Entered: 01/15/2010) |
| 01/15/2010 | 234 | NOTICE of Motion by Olivia T. Luk for presentment of extension of time 233 before Honorable Susan E. Cox on 1/21/2010 at 09:30 AM. (Luk, Olivia) (Entered: 01/15/2010) |
| 01/15/2010 | 235 | REPLY by Earthgrains Company, The to response in opposition to motion 229 (Trybus, Steven) (Entered: 01/15/2010) |
| 01/15/2010 | 236 | RESPONSE by Defendant Earthgrains Company, The *To Plaintiff's Statement Of Additional Facts Pursuant To Local Rule 56.1(b)(3)(C)* (Trybus, Steven) (Entered: 01/15/2010) |
| 01/19/2010 | 237 | RESPONSE by Yoon Ja Kimin Opposition to MOTION by Defendant Earthgrains Company, The Rule 16 Motion and Motion in Limine 224 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Hood, Gary) (Entered: 01/19/2010) |
| 01/20/2010 | 238 | RESPONSE by Yoon Ja Kimin Opposition to MOTION by Defendant Earthgrains Company, The for extension of time 233 *for Trial* (Hood, Gary) (Entered: 01/20/2010) |
| 01/21/2010 | 239 | MINUTE entry before Honorable Susan E. Cox: Motion hearing held. Defendant's motion for extension of time 233 is granted. Jury trial set for 2/8/10 at 10:00 a.m. is stricken. Jury Trial set for 5/3/10 at 10:00 a.m. Mailed notice (vkd, ) (Entered: 01/22/2010) |
| 01/26/2010 | 240 | REPLY by Earthgrains Company, The to MOTION by Defendant Earthgrains Company, The Rule 16 Motion and Motion in Limine 224 *(In support)* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Luk, Olivia) (Entered: 01/26/2010) |
| 01/28/2010 | 241 | MINUTE entry before Honorable Susan E. Cox:Oral argument on defendant's motion for partial summary judgment on applicable damages period 220 . Motion for summary judgment 220 granted. Opinion to follow. Parties to meet and confer regarding impact of this ruling on trial. Each side is to prepare a position paper concerning these issues on or before 2/5/10. Defendant's Rule 16 motion and motion in limine 224 is denied without prejudice. Defendant's motion for partial summary judgment of non-infringement of the Healthy Choice Products based on collateral estoppel 226 is denied without prejudice. Hearing on these issues set for 2/10/10 at 1:30 p.m. Mailed notice (vkd, ) (Entered: 01/29/2010) |
| 02/05/2010 | 242 | Position Paper by Yoon Ja Kim *Pursuant to Court's Minute Entry (Dkt. 241)* (Hood, Gary) (Entered: 02/05/2010) |
| 02/05/2010 | 243 | Defendant's Rule 16 Submission by Earthgrains Company, The (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Trybus, Steven) (RESTRICTED per minute order dated 2/11/10). Modified on 2/12/2010 (smm). (Entered: 02/05/2010) |
| 02/10/2010 | 244 | MINUTE entry before Honorable Susan E. Cox: In Court hearing held. Defendant is given leave to file a motion regarding plaintiff's in forma pauperis (IFP) status on or before 2/16/10. Defendant to submit proposed order as soon as possible directing plaintiff to produce documents by 3/2/10. Plaintiff's appointed |

| | | |
|---|---|---|
| | | counsel is relieved of further responsibilities until (IFP) issue is resolved. Hearing on plaintiff's (IFP) filing status set for 3/8/10 at 1:30 p.m. Mailed notice (vkd, ) (Entered: 02/11/2010) |
| 02/11/2010 | 245 | MINUTE entry before Honorable Susan E. Cox:Plaintiff's counsel has advised the Court that its Rule 16 submission contains financial information which should be maintained under seal. The Clerk of the Court is directed to seal the (pdf) linked to docket entry #243 and its exhibits from public view.Mailed notice (smm) (Entered: 02/12/2010) |
| 02/12/2010 | 246 | MINUTE entry before Honorable Susan E. Cox: This Court's order dated 2/11/10 is amended to reflect "Defendant's counsel has advised the Court..." The remainder of the order to stand. Mailed notice (vkd, ) (Entered: 02/12/2010) |
| 02/16/2010 | 247 | SEALED MOTION by Defendant Earthgrains Company, The *To Dismiss With Prejudice Pursuant To 28 U.S.C. Section 1915(e)(2)(A)* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order)(Trybus, Steven) (Entered: 02/16/2010) |
| 02/16/2010 | 248 | SEALED DOCUMENT by Defendant Earthgrains Company, The *Memorandum Of Law In Support Of Its Motion To Dismiss With Prejudice Pursuant To 28 U.S.C. Section 1915(e)(2)(A)* (Trybus, Steven) (Entered: 02/16/2010) |
| 02/16/2010 | 249 | NOTICE of Motion by Steven Raymond Trybus for presentment of Sealed motion 247 before Honorable Susan E. Cox on 3/8/2010 at 01:30 PM. (Trybus, Steven) (Entered: 02/16/2010) |
| 02/16/2010 | 250 | Defendant's Submission Of Proposed Order Directing Plaintiff To Produce Documents by Earthgrains Company, The (Attachments: # 1 Exhibit A)(Trybus, Steven) (Entered: 02/16/2010) |
| 02/18/2010 | 251 | MINUTE entry before Honorable Susan E. Cox:Hearing on plaintiff's (IFP) status set for 3/8/10 at 1:30 p.m. is stricken and reset to 3/11/10 at 10:30 a.m. Hearing on defendant's motion to dismiss with prejudice 247 set for 3/8/10 at 1:30 p.m. is stricken and reset to 3/11/10 at 10:30 a.m. The Clerk of Court is directed to mail a copy of this order to Plaintiff, Yoon Ja Kim via certified mail at 913 Frances Parkway, Park Ridge, Illinois 60068. Mailed notice (vcf, ) (Entered: 02/19/2010) |
| 02/18/2010 | 252 | MINUTE entry before Honorable Susan E. Cox: Enter Memorandum Opinion and Order. Defendant's motion for partial summary judgment on applicable damages period 220 is granted. Partial summary judgment is entered in favor of defendant The Earthgrains Co., k/n/a Sara Lee Bakery Group, Inc. Mailed notice (vcf, ) (Entered: 02/19/2010) |
| 02/18/2010 | 253 | MEMORANDUM Opinion and Order Signed by the Honorable Susan E. Cox on 2/18/2010.Mailed notice(vcf, ) (Entered: 02/19/2010) |
| 02/19/2010 | | MAILED Minute order dated 2/18/10 to Yoon Ja Kim by certified mail # 7006 0100 0001 7313 1206. (vcf, ) (Entered: 02/19/2010) |
| 02/23/2010 | 254 | MOTION by Defendant Earthgrains Company, The to dismiss *With Prejudice Pursuant To 28 U.S.C. Section 1915 (e)(2)(A) - REDACTED* (Attachments: # 1 |

| | | |
|---|---|---|
| | | Text of Proposed Order)(Trybus, Steven) (Entered: 02/23/2010) |
| 02/23/2010 | 255 | MEMORANDUM by Earthgrains Company, The in support of motion to dismiss 254 - *REDACTED* (Attachments: # 1 Exhibits A-C)(Trybus, Steven) (Entered: 02/23/2010) |
| 02/23/2010 | 256 | NOTICE of Motion by Steven Raymond Trybus for presentment of motion to dismiss 254 before Honorable Susan E. Cox on 3/8/2010 at 01:30 PM. (Trybus, Steven) (Entered: 02/23/2010) |
| 02/23/2010 | 257 | Defendant's Rule 16 Submission- REDACTED by Earthgrains Company, The (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Trybus, Steven) (Entered: 02/23/2010) |
| 02/26/2010 | 258 | MINUTE entry before Honorable Susan E. Cox: Enter Order Requiring Yoon Ja Kim to Produce Evidence of her Assets.Mailed notice (vcf, ) (Entered: 03/01/2010) |
| 02/26/2010 | 259 | ORDER requiring Yoon Ja Kim to produce Evidence of Her Assets Signed by the Honorable Susan E. Cox on 2/26/2010.Mailed notice(vcf, ) (Entered: 03/01/2010) |
| 02/26/2010 | | MAILED minute order and order dated 2/26/10 via certified mail receipt # 7009 0080 0001 1967 7168. to Dr. Kim. (vcf, ) (Entered: 03/01/2010) |
| 03/02/2010 | 260 | OPPOSITION by Yoon Ja Kim to Defendant's Earthgrains Company, motion to dismiss *With Prejudice Pursuant To 28 U.S.C. Section 1915 (e)(2)(A) - 254 .(SEALED) (vcf, ) (Entered: 03/03/2010)* |
| 03/04/2010 | 261 | TRANSCRIPT OF PROCEEDINGS held on 1/21/10 before the Honorable Susan E. Cox. Court Reporter Contact Information: KATHLEEN M. FENNELL, www.Kathyfennell.com, (312) 435-5569. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 3/25/2010. Redacted Transcript Deadline set for 4/5/2010. Release of Transcript Restriction set for 6/2/2010. (Fennell, Kathleen) (Entered: 03/04/2010) |
| 03/08/2010 | 262 | MINUTE entry before Honorable Susan E. Cox: Hearing on defendant's motion to dismiss 254 set for 3/8/10 at 1:30 p.m. is stricken and reset to 3/11/10 at 10:30 a.m. Mailed notice (vkd, ) (Entered: 03/09/2010) |
| 03/09/2010 | 263 | SEALED REPLY by Earthgrains Company, The to response in opposition to motion 260 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L)(Trybus, Steven) (Entered: 03/09/2010) |

| 03/11/2010 | 264 | MINUTE entry before Honorable Susan E. Cox:Status hearing held. Hearing held on defendant's motion to dismiss with prejudice pursuant to 28 U.S.C. section 1915(e((2)(A) 254 . Ruling to be made by mail. Jury trial set for 5/3/10 at 10:00 a.m. is stricken. Mailed notice (vcf, ) (Entered: 03/12/2010) |
|---|---|---|
| 03/15/2010 | 265 | REPLY by Plaintiff Yoon Ja Kim to defendant's response and 3/11/2010 hearing to dismiss with prejudice pursuant to 28 U.S.C. 1915 (e)(2)(A).(SEALED) (vcf, ) (Entered: 03/16/2010) |
| 04/15/2010 | 266 | TRANSCRIPT OF PROCEEDINGS held on 2/10/2010 before the Honorable Susan E. Cox. Court Reporter Contact Information: ALEXANDRA ROTH, (312) 408-5038, alexandra_roth@ilnd.uscourts.gov.

IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.

Redaction Request due 5/6/2010. Redacted Transcript Deadline set for 5/17/2010. Release of Transcript Restriction set for 7/14/2010. (Roth, Alexandra) (Entered: 04/15/2010) |
| 04/23/2010 | 267 | MINUTE entry before Honorable Susan E. Cox: Jury trial set for 5/3/10 at 10:00 a.m. is stricken. Mailed notice (vkd, ) (Entered: 04/23/2010) |
| 06/24/2010 | 268 | MINUTE entry before Honorable Susan E. Cox: Enter Memorandum Opinion and Order. The Court denies defendant's motion to dismiss with prejudice pursuant to 28 U.S.C. Section 1915(e)(2)(A), document #s 247 and 254 . The Court will sanction Dr. Kim under Rule 11 and require that she pay for the legal services she received from March 2009 through January 2010. However, we recognize that Dr. Kim's financial situation is bleak and therefore, judgment will not likely be executable if Dr. Kim does not prevail at trial. Dr. Kim's IFP appointed counsel can, if they so choose, file a lien for their costs and must submit their fees and costs to the court on or before 7/9/10. Status hearing set for 7/13/10 at 9:30 a.m. Dr. Kim and her former counsel shall appear at this hearing. (For further details see separate order). Mailed notice (vkd, ) (Entered: 06/24/2010) |
| 06/24/2010 | 269 | MEMORANDUM Opinion and Order. Signed by the Honorable Susan E. Cox on 6/24/10: (vkd, ) (Entered: 06/24/2010) |
| 07/09/2010 | 270 | NOTICE by Yoon Ja Kim re memorandum opinion and order 269 , order on sealed motion, order on motion to dismiss, set/reset hearings,,,,,,,,, 268 *Notice of In Camera Submission of Fees and Costs Incurred Per Court Order* (Hood, Gary) (Entered: 07/09/2010) |
| 07/13/2010 | 271 | MINUTE entry before Honorable Susan E. Cox: Status hearing held. Plaintiff appears with her former counsel. Plaintiff having submitted, in camera, the fees and costs incurred, defendant to submit its position regarding fees and costs. |

| | | Status hearing set for 7/29/10 at 9:30 a.m. Mailed notice (vkd, ) (Entered: 07/14/2010) |
|---|---|---|
| 07/27/2010 | 272 | Defendant's Position Paper on the Non-Priviliged Nature of Appointed Counsel's In Camera Submission to the Court by Earthgrains Company, The (Trybus, Steven) (Entered: 07/27/2010) |
| 07/28/2010 | 273 | NOTICE by Sara Elizabeth Tonnies of Change of Address / *Notice Of Change Of Name* (Tonnies, Sara) (Entered: 07/28/2010) |
| 07/29/2010 | 274 | MINUTE entry before Honorable Susan E. Cox: Status hearing held. Dr. Kim having stated in open court that she will represent herself, Gary E. Hood and Nicole Ellison Lammers are excused from their representation of plaintiff. The Clerk of Court is directed to add Plaintiff, Yoon Ja Kim, 913 Frances Parkway, Park Ridge, IL 60068 to the service list so that she receives notices. Plaintiff's former counsel to inform the Court whether they plan to file a lien for their fees and costs. Defendant is given leave to file a motion for summary judgment. Mailed notice (vcf, ) (Entered: 07/30/2010) |
| 08/09/2010 | 275 | MOTION by Plaintiff Yoon Ja Kim to disqualify Defendant's expert witness, Carl Hoseney (Exhibits). (smm) (Entered: 08/10/2010) |
| 08/09/2010 | 276 | NOTICE of Motion by Yoon Ja Kim for presentment of motion to disqualify Defendant's expert witness, Carl Hoseney 275 before Honorable Susan E. Cox on 8/17/2010 at 9:30 A.M. (smm) (Entered: 08/10/2010) |
| 08/17/2010 | 277 | MINUTE entry before Honorable Susan E. Cox:Motion hearing held. Plaintiff's motion to disqualify 275 is denied for the reasons stated in open court. Mailed notice (vkd, ) (Entered: 08/18/2010) |
| 09/03/2010 | 278 | TRANSCRIPT OF PROCEEDINGS held on 03/11/10 before the Honorable Susan E. Cox. Court Reporter Contact Information: Riki Schatell, 773-728-7281,Schatell@sbcglobal.net.

IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.

Redaction Request due 9/24/2010. Redacted Transcript Deadline set for 10/4/2010. Release of Transcript Restriction set for 12/2/2010. (lcw, ) (Entered: 09/08/2010) |
| 09/03/2010 | 279 | TRANSCRIPT OF PROCEEDINGS held on 07/13/2010 before the Honorable Susan E. Cox. Court Reporter Contact Information: Riki Schatell, schatell@sbcglobal.et, 773-728-7281.

IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the |

| | | Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. <br><br> Redaction Request due 9/24/2010. Redacted Transcript Deadline set for 10/4/2010. Release of Transcript Restriction set for 12/2/2010. (kmt, ) (Entered: 09/09/2010) |
|---|---|---|
| 09/16/2010 | 280 | MOTION by Plaintiff Yoon Ja Kim to set a schedule on Defendants' proposed motion for summary judgment. (smm) (Entered: 09/17/2010) |
| 09/16/2010 | 281 | NOTICE of Motion by Yoon Ja Kim for presentment of motion for miscellaneous relief 280 before Honorable Susan E. Cox on 9/21/2010 at 9:30 A.M. (smm) (Entered: 09/17/2010) |
| 09/17/2010 | 282 | RESPONSE by Earthgrains Company, The to MOTION by Plaintiff Yoon Ja Kimto set a schedule on Defendants' proposed motion for summary judgment 280 (Attachments: # 1 Exhibit A)(Trybus, Steven) (Entered: 09/17/2010) |
| 09/21/2010 | 283 | MINUTE entry before Honorable Susan E. Cox: Motion hearing held. Plaintiff's motion to set schedule 280 is granted. Defendant's motion for summary judgment to be filed on or before 10/7/10. Plaintiff's response to be filed on or before 11/4/10. Reply to be filed on or before 11/18/10. Mailed notice (vkd, ) (Entered: 09/22/2010) |
| 10/07/2010 | 284 | MEMORANDUM by Earthgrains Company, The *on claim construction* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Trybus, Steven) (Entered: 10/07/2010) |
| 10/07/2010 | 285 | MOTION by Defendant Earthgrains Company, The for summary judgment *on non-infringement* (Attachments: # 1 Memorandum in Support (redacted), # 2 Notice to Pro Se Litigant)(Trybus, Steven) (Entered: 10/07/2010) |
| 10/07/2010 | 286 | RULE 56 Statement by Earthgrains Company, The regarding motion for summary judgment 285 *(redacted)* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Trybus, Steven) (Entered: 10/07/2010) |
| 10/07/2010 | 287 | DECLARATION of Craig Warner regarding motion for summary judgment 285 *(redacted)* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R)(Trybus, Steven) (Entered: 10/07/2010) |
| 10/07/2010 | 288 | DECLARATION of R. Carl Hoseney regarding motion for summary judgment 285 *(redacted)* (Trybus, Steven) (Entered: 10/07/2010) |
| 10/19/2010 | 289 | TRANSCRIPT OF PROCEEDINGS held on August 17, 2010, before the Honorable Susan E. Cox. Court Reporter Contact Information: Laura LaCien, 312-408-5032, laura_lacien@ilnd.uscourts.gov. <br><br> IMPORTANT: The transcript may be viewed at the court's public terminal or |

| | | |
|---|---|---|
| | | purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 11/9/2010. Redacted Transcript Deadline set for 11/19/2010. Release of Transcript Restriction set for 1/17/2011. (Lacien, Laura) (Entered: 10/19/2010) |
| 11/04/2010 | 290 | MEMORANDUM by Yoon Ja Kim on Claim Construction. (RESTRICTED) (vcf, ) (Entered: 11/05/2010) |
| 11/04/2010 | 292 | DECLARATION of Yoon Ja Kim in support of opposition to defendant's motion for summary judgment on non-infringement. (RESTRICTED) (vcf, ) (Entered: 11/05/2010) |
| 11/04/2010 | 293 | RESPONSE by Plaintiff Yoon Ja Kim to defendant's statement of Undisputed material Facts in opposition to Defendant's Motion for summary Judgment on Non-Infringement. (RESTRICTED) (vcf, ) (Entered: 11/05/2010) |
| 11/05/2010 | 291 | MEMORANDUM by Yoon Ja Kim in Opposition to motion for summary judgment 285 on Non-Infringement.(RESTRICTED) (vcf, ) (Entered: 11/05/2010) |
| 11/05/2010 | 294 | MOTION by Defendant Earthgrains Company, The to seal document declaration 292 , memorandum in opposition to motion 291 , Response 293 , memorandum 290 *(EMERGENCY)* (Trybus, Steven) (Entered: 11/05/2010) |
| 11/05/2010 | 295 | NOTICE of Motion by Steven Raymond Trybus for presentment of motion to seal document, motion for relief,,, 294 before Honorable Susan E. Cox on 11/16/2010 at 09:30 AM. (Trybus, Steven) (Entered: 11/05/2010) |
| 11/09/2010 | 296 | MINUTE entry before Honorable Susan E. Cox: Defendant's emergency motion to seal plaintiff's responsive filings 294 is granted. The Clerk of Court shall immediately remove from view document #(s) 290 , 291 , 292 and 293 as they contain information designated confidential under the Protective Order. Defendant Sara Lee is to file public versions of document #(s) 290 , 291 , 292 and 293 on or before 11/24/10. Parties need not appear on 11/16/10 at 9:30 a.m. for presentment of motion. Mailed notice (vcf, ) (Entered: 11/10/2010) |
| 11/18/2010 | 297 | REPLY by Defendant Earthgrains Company, The to memorandum 290 / *Reply Memorandum On Claim Construction* (Trybus, Steven) (Entered: 11/18/2010) |
| 11/18/2010 | 298 | REPLY by Earthgrains Company, The to memorandum in opposition to motion 291 *(Redacted)* (Trybus, Steven) (Entered: 11/18/2010) |
| 11/18/2010 | 299 | SEALED REPLY by Earthgrains Company, The to defendant's statement of Undisputed material Facts in opposition to Defendant's Motion for summary Judgment on Non-Infringement 293 (Trybus, Steven) Modified on 11/19/2010 (vcf, ). (Entered: 11/18/2010) |

Exhibit U
Page 211

| 11/18/2010 | 300 | SEALED DOCUMENT by Defendant Earthgrains Company, The *Supplemental Declaration of Craig Warner in Support of Defendant's Motion for Summary Judgment* (Attachments: # 1 Exhibit S, # 2 Exhibit T, # 3 Exhibit U, # 4 Exhibit V, # 5 Exhibit W, # 6 Exhibit X, # 7 Exhibit Y, # 8 Exhibit Z, # 9 Exhibit AA)(Trybus, Steven) (Entered: 11/18/2010) |
|---|---|---|
| 11/22/2010 | 301 | MEMORANDUM by Yoon Ja Kim *on Claim Construction. (Redacted)* (Martin, Craig) (Entered: 11/22/2010) |
| 11/22/2010 | 302 | DECLARATION of Yoon Ja Kim *in support of opposition to defendant's motion for summary judgment on non-infringement. (Redacted)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Martin, Craig) (Entered: 11/22/2010) |
| 11/22/2010 | 303 | RESPONSE by Plaintiff Yoon Ja Kim *to defendant's statement of undisputed material facts in opposition to defendant's motion for summary judgment on non-infringement. (Redacted)* (Martin, Craig) (Entered: 11/22/2010) |
| 11/22/2010 | 304 | MEMORANDUM by Yoon Ja Kim in Opposition to motion for summary judgment 285 *on non-infringement. (Redacted)* (Martin, Craig) (Entered: 11/22/2010) |
| 11/22/2010 | 305 | MEMORANDUM by Yoon Ja Kim *on Claim Construction. (Redacted)* (Martin, Craig) (Entered: 11/22/2010) |
| 11/22/2010 | 306 | Product Surveys by Yoon Ja Kim od Sara Lee's Bread Ingredients on 11/20/22010 at Jewel, Dominick's Grocery Stores.(Exhibits) (vcf, ) (Entered: 11/24/2010) |
| 11/23/2010 | 307 | MINUTE entry before Honorable Susan E. Cox: The Clerk of Court is directed to remove from view on the Court's docket, Document # 301, Memorandum by Yoon Ja Kim on Claim Construction (Redacted), as this document was not filed in its proper format. Said memorandum was re-filed on 11/22/10 as Document #305. Mailed notice (vcf, ) (Entered: 11/24/2010) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/16/2010 15:07:41 | | |
| **PACER Login:** | sd2514 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:01-cv-03895 |
| **Billable Pages:** | 25 | **Cost:** | 2.00 |

# EXHIBIT "V"

Exhibit V
Page 213

Case 2:08-cv-03253-KSH -PS   Document 56-1   Filed 04/14/10   Page 1 of 2
Case 8:16-cv-01196-JVS -KNB   Document 93-3   Filed 12/20/16   Page 73 of 73   Page ID
#:639

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ESTATE OF ANTHONY J. ANTONIOUS, | : | **Civil Action No. 08-3253(KSH)** |
|  | : |  |
| **Plaintiff** | : |  |
|  | : |  |
| v. | : | **FIRST AMEMDED PRETRIAL** |
|  | : | **SCHEDULING ORDER** |
|  | : |  |
| **ADAMS GOLF, ET AL.,** | : |  |
|  | : |  |
| **Defendants** | : |  |
|  | : |  |

THIS MATTER having come before the Court, on the informal, joint application of counsel for the respective parties hereto, and it appearing that under the Case Management Order dated February 24, 2010, I – Patent Related Tasks – paragraph 1, "[T]he plaintiff shall identify the patent claims and the infringement contentions no later than **March 17, 2010;** and it further appearing that plaintiff was unable to fully identify such claims and the infringement contentions until April 12, 2010; and it further appearing that the parties wish to reschedule other dates set forth in the said Case Management Order of February 24, 2010 to adjust for the delay recited above; and for good cause shown:

It is on this _____day of April, 2010

**ORDERED THAT:**

1.     The following dates set forth in the Pretrial Scheduling Order of February 24, 2010 be amended as follows:

Exhibit V
Page 214

| Case Mgmt Order ¶ | Subject | Original Date | New Date |
|---|---|---|---|
| I.2 | Defendants invalidity contentions | 5-05-2010 | 6-07-2010 |
| I.3 | Identify claims to be construed    *R. 4. 1* | 5-19-2010 | 6-21-2010 |
| II.1 | Telephone Status Conference with Court | 5-20-2010 | 6-21-2010 |
| III.10 | Motion to amend pleadings/join parties | 6-07-2010 | 7-07-2010 |
| I.4 | Exchange prelim. claim construction  *R. 4.2* | 6-09-2010 | 7-09-2010 |
| III.9 | Unresolved disc. disputes to court – 3pm | 6-29-2010 | 7-29-2010 |
| I.5 | Submit joint claims construction   *R. 4.3* | 7/09/2010 | 8/09/2010 |
| I.12 | Def. advise Pl: reliance on counsel defense | 7/15/2010 | 8/16/2010 |
| II.1 | Telephone Status Conference | 7/22/2010 | 8/23/2010 |
| I.6 | Claims construction fact disc. completed | 8-09-2010 | 9-09-2010 |
| I.7 | Opening Markman briefs due | 9-23-2010 | 10-25-2010 |
| II.1 | Telephone Status Conference | 10-07-2010 | 11-08-2010 |
| IV.12 | Affirmative expert reports due | 10/15/2010 | 11/15/2010 |
| I.8 | Claims construction expert discovery ends | 10/23/2010 | 11/23/2010 |
| I.7 | Responsive Markman briefs due | 11-23-2010 | 12-23-2010 |
| I.11 | Joint letter: Rule 4.6, Markman, witnesses | 11-30-2010 | 12-30-2010 |
| IV.13 | Responding experts' reports due | 12-15-2010 | 1-17-2011 |
| III.7 | Depositions completed | 1-30-2010 | 2-28-2011 |
| III.8 | Fact discovery ends | 1-30-2010 | 2-28-2011 |
| V.16 | Exchange proposed trial exhibits | 2-01-2011 | 3-01-2011 |
| V.17 | Prepare Proposed Joint PTO | 2-15-2011 | 3-15-2011 |
| V.19 | Proposed Joint PTO to be submitted – 3pm | 2-22-2011 | 3-22-2011 |
| V.15 | Pretrial Conference – 10 am | 3-01-2011 | 4-01-2011 |

**IT IS FURTHER ORDERED THAT:**

2.    Nothing other than the forgoing shall be deemed modified in the Pretrial Scheduling Order dated February 24, 2010.

3.    **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN SANCTIONS.**

_____
**UNITED STATES MAGISTRATE JUDGE**

Exhibit V
Page 215