1
2
3
4
5

ANTHONY L. CANNON (CA Bar No. 162986)
**CANNON & NELMS**
160 S. Old Spring Road, Suite 200
Anaheim, CA 92808
Telephone: (714) 637-4400
Facsimile: (714) 637-4444
tcannon@cannonnelms.com

6
7
8
9
10
11
12

EDWARD P. WALKER (*Admitted Pro Hac Vice*)
JOHN W. O'MEARA (*Admitted Pro Hac Vice*)
**OLIFF & BERRIDGE, PLC**
277 South Washington Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 836-6400
Facsimile: (703) 836-2787
ewalker@oliff.com
jomeara@oliff.com

13
14

**Attorneys for Defendant/Counterclaim Plaintiff,**
**Roger Cleveland Golf Company, Inc.**

15
16

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| THE IRREVOCABLE TRUST OF ANTHONY J. ANTONIOUS, a Florida Trust,<br><br>        Plaintiff/Counterclaim Defendant,<br><br>    v.<br><br>ROGER CLEVELAND GOLF COMPANY, INC., a California Corporation,<br><br>        Defendant/Counterclaim Plaintiff | Case No. SACV10-1198 CJC (RNBx)<br><br>**CLEVELAND GOLF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT THAT PLAINTIFF IS PRECLUDED FROM RECOVERING DAMAGES FOR PRODUCTS PRESENT IN THE UNITED STATES BEFORE JANUARY 5, 2010**<br><br>Hearing Date:  January 10, 2011<br>Time:              1:30 p.m.<br>Place:             Courtroom 9B<br>Judge:            Hon. Cormac J. Carney |

# **TABLE OF CONTENTS**

Page

I.     INTRODUCTION .................................................................................. 2

II.    ARGUMENT ...................................................................................... 3

       A.    Cleveland Golf's Summary Judgment Motion Should Be
             Decided Now ............................................................................ 3

             1.    Antonious's Opposition Does Not Raise Any Genuine
                   Issue Of Material Fact ...................................................... 3

             2.    The Legal Issue Remaining In View Of Antonious's
                   Opposition Does Not Require A Markman Hearing ........... 4

       B.    Reexamined Claim 9 Of The '754 Patent Is Not
             Substantially Identical To Original '754 Patent Claim 4 ............ 7

             1.    Portion Of Slot Passing Through Virtual Centerline ........ 7

             2.    Within ............................................................................ 10

             3.    Substantially Parallel ...................................................... 11

       C.    Cleveland Golf Is Entitled To Its Two Forms Of Requested
             Relief ..................................................................................... 12

III.   CONCLUSION .................................................................................. 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

Page

## Cases

*Atlantic Constr. Fabrics, Inc. v. Metrochem, Inc.*,
  2008 WL 4414763 (W.D. Wash. Sept. 24, 2008)........................................5, 6, 13

*E-Pass Techs., Inc. v. 3Com Corp.*,
  343 F.3d 1364 (Fed. Cir. 2003)............................................................. 12

*Fortel Corp. v. Phone-Mate, Inc.*,
  825 F.2d 1577 (Fed. Cir. 1987).......................................................4, 13

*Kim v. Earthgrains Co.*,
  2010 WL 625220 (N.D.Ill. Feb. 18, 2010) .............................................5

*Laitram Corp. v. NEC Corp.*,
  163 F.3d 1342 (Fed. Cir. 1998) (*Laitram IV*) ...........................4, 7, 11

*Markman v. Westview Instrs., Inc.*,
  52 F.3d 967 (Fed. Cir. 1995) (*en banc*), *aff'd,* 517 U.S. 370, 116 S.Ct.
  1384, 134 L.Ed.2d 577 (1996) ..................................................................5

*Praxair, Inc. v. ATMI, Inc.*,
  543 F.3d 1306 (Fed. Cir. 2008)............................................................. 12

*Slimfold Mfg. Co. v. Kinkead Industries*,
  810 F.2d 1113 (Fed. Cir. 1987)..............................................................9

*Tennant Co. v. Hako Minuteman, Inc.*,
  878 F.2d 1413 (Fed. Cir. 1989).............................................................9

## Statutes

35 U.S.C. §112...........................................................................................9

35 U.S.C. §252...................................................................................12, 13

35 U.S.C. §307(b)...............................................................................12, 13

1  **I.    <u>INTRODUCTION</u>**

2       Plaintiff Antonious's Opposition Memorandum (Docket #33, "Opp. Memo.")

3  not only fails to counter Defendant Cleveland Golf's entitlement to its requested

4  Summary Judgment limiting damages, but indeed serves to support Cleveland Golf's

5  motion.  In particular, Antonious's Opposition (1) fails to demonstrate the existence

6  of any genuine issue of material fact precluding summary judgment, (2) fails to

7  provide any viable reason why a special *Markman* claim construction hearing is

8  necessary before this Court can rule on Cleveland Golf's motion, (3) fails to prove

9  that the significant additions to reexamined claim 9 of U.S. Patent No. 5,735,754

10 ("'754 Patent") as compared to original claim 4 of that patent are mere clarifications

11 as opposed to substantive changes affecting claim scope that were used to

12 distinguish prior art, and (4) fails to distinguish Cleveland Golf's substantial body of

13 cited case law overwhelmingly supporting Cleveland Golf's entitlement to its

14 requested relief.  Rather, without justification, Antonious merely advocates for this

15 Court to postpone a ruling on Cleveland Golf's motion, which would wrongfully

16 leave the Court and Cleveland Golf mired in unnecessary, wasteful and protracted

17 litigation in a case that ultimately involves minimal if any potential damages.

18      As explained in detail in Cleveland Golf's original Supporting Memorandum

19 (Docket #32-1, "Supp. Memo."), and as further explained below, reexamined claim

20 9 and original claim 4 of the '754 Patent are clearly <u>not</u> substantially identical,

21 because claim 9 includes at least three significant substantive features, not present in

22 original claim 4, which Antonious added during reexamination to distinguish over

23 prior art and obtain allowance.  Antonious has <u>not</u> met its burden of proving

24 otherwise.  Accordingly, Cleveland Golf is entitled to summary judgment in its

25 favor, precluding Antonious from recovering damages in connection with any

26 Cleveland Golf products that were present in the United States prior to the January

27 5, 2010 date of the '754 Patent Reexamination Certificate.

28

II.   **ARGUMENT**

    A.    **Cleveland Golf's Summary Judgment**

            **Motion Should Be Decided Now**

Antonious has conceded that there is no genuine issue of material fact precluding the entry of summary judgment.  Antonious has also not provided any viable reason to postpone, until after a *Markman* claim construction hearing, resolution of the purely legal issue that remains in view of Antonious's Opposition, *i.e.*, whether or not reexamined claim 9 of the '754 Patent is substantially identical to original claim 4.

       1.    **Antonious's Opposition Does Not Raise**

            **Any Genuine Issue Of Material Fact**

In Antonious's Statement Of Genuine Issues In Opposition To Motion For Summary Judgment (Docket #33-4), Antonious disputes only Cleveland Golf's Proposed Uncontroverted Facts Nos. 25 and 39, which state:

          25.    Originally-issued claim 4 did not include the above-quoted features [*e.g.*, the three limitations discussed below] of amended claim 1 or added claim 9.

          39.    None of the originally-issued claims of the '754 Patent include the above-quoted features of reexamined claim 9

As a basis for allegedly disputing these paragraphs, Antonious states only that claim 4 as "properly construed" is allegedly substantively identical to reexamined claim 9.  (Docket #33-4, p. 2).  Thus, Antonious's opposition to these facts is reduced to the purely <u>legal</u> question of whether reexamined claim 9 and original claim 4 are or are not substantially identical.  Summary judgment is an appropriate vehicle for adjudication of this legal question.  *See* Supp. Memo., pp. 7-8; Opp. Memo., p. 16 (acknowledging that courts have decided this issue by summary judgment).

### 2.     The Legal Issue Remaining In View Of Antonious's Opposition Does Not Require A Markman Hearing

A formal *Markman* proceeding is not required for this Court to determine that reexamined claim 9 of the '754 Patent is not substantially identical to original claim 4.  The Federal Circuit has held that the determination of whether or not reexamined claims are "substantially identical" to original claims can be made upon a "mere reading" or "plain reading" of the claims, *i.e.*, without the need for a *Markman* hearing.  Supp. Memo., p. 8, *citing, e.g., Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1348 (Fed. Cir. 1998) ("*Laitram IV*"), and *Fortel Corp. v. Phone-Mate, Inc.*, 825 F.2d 1577, 1581 (Fed. Cir. 1987).  Antonious attempts to distinguish the facts of *Fortel* by arguing that claim construction is necessary in this case because the changes to the '754 Patent claims are allegedly "subtle and nuanced."  (Opp. Memo., p. 16).  As discussed in detail below and in Cleveland Golf's original Supporting Memorandum, the claim terms added to reexamined claim 9 of the '754 Patent are not "subtle and nuanced," but are obviously new significant limitations added by Antonious to distinguish claim 9 from prior art references and obtain allowance.

Antonious's assertion that Cleveland Golf's motion is premature because "neither the original nor reexamined claims have been construed by any court" (Opp. Memo., p. 15) is untenable.  Contradictorily, Antonious states in its Opposition Memorandum that "from facts apparent and not in dispute, it is clearly evident that the reexamined claims are [allegedly] substantively identical to the original claims," thus acknowledging that this motion can be decided without a *Markman* hearing.  (Opp. Memo., p. 5).  Indeed, to decide this motion (not seeking an infringement analysis as in Opp. Memo. 12-13), the Court need not determine the precise meaning of claim terms, much less conduct a *Markman* hearing, to conclude that limitations were added to reexamined claim 9 as compared to claim 4.  In any event, it is well-settled that any necessary claim construction can be conducted in

4

the context of a summary judgment motion without a special claim construction proceeding.  *E.g.*, *Markman v. Westview Instrs., Inc.*, 52 F.3d 967, 981 (Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996).

Antonious cites no authority for its assertion that a *Markman* hearing is required before the Court decides Cleveland Golf's motion.  Courts have decided this same issue on summary judgment without conducting a separate *Markman* hearing to construe the claim terms at issue.  In *Kim v. Earthgrains Co.*, 2010 WL 625220 (N.D.Ill. Feb. 18, 2010) (Supp. Memo. Ex. 24), the court interpreted the limitations at issue ("consisting of" and "consisting essentially of") in the course of adjudicating the summary judgment motion.  Although Antonious asserts that the parties in *Earthgrains* exchanged *Markman* briefs and that the court construed claim terms prior to adjudication of the motion (Opp. Memo., p. 16), the January 2005 claim construction hearing in that case (Opp. Ex. U, No. 70) occurred months before the August 2005 request for reexamination was even filed and years before the March 2009 issuance of the Reexamination Certificate.  *Id.* at *2.  Accordingly, in *Earthgrains*, the prior claim construction did not encompass the claim limitations added during reexamination and thus was not relied upon by the court in holding that the reexamined claims were not substantially identical to the original claims.

Similarly, in *Atlantic Constr. Fabrics, Inc. v. Metrochem, Inc.,* 2008 WL 4414763 (W.D. Wash. Sept. 24, 2008) (Supp. Memo. Ex. 30), the court concluded on summary judgment that a reexamined claim had a different scope from an original claim without conducting a *Markman* hearing to construe the claim terms at issue.  Rather, the court considered the claim language added during reexamination ("preforming the filter bag by joining sidewall portions together") in the context of the motion.  *Id*. at *4-6.  Although a claim construction hearing was conducted in that case by a different judge, that hearing took place nearly four years <u>before</u> issuance of the Reexamination Certificate (with the added claim language) and

1    therefore involved claim terms not at issue in connection with the summary
2    judgment motion.  *Id.* at *1-3.

3        Antonious's reference to its litigation with Adams Golf in New Jersey (Opp.
4    Memo., pp. 7, 17) is both irrelevant and misplaced.  This Court, of course, does not
5    need to defer a ruling on a properly-brought motion because of other pending
6    litigation or another court's approach to that litigation.  Moreover, a ruling on this
7    motion will not conflict with any prospective claim construction proceeding in the
8    New Jersey case (which is currently not scheduled and may never occur given the
9    circumstances described below).  This Court is not requested, in connection with
10   Cleveland Golf's motion, to determine the precise meaning of claim terms.  Rather,
11   the Court is merely requested to determine that reexamined claim 9 includes
12   substantive limitations not present in original claim 4.  In any event, the claim
13   construction papers in the New Jersey case submitted with Antonious's Opposition
14   Memorandum (Exhibits Q and R) do not propose any construction of claim 4.

15       If anything, the Adams Golf case, and other litigations involving Antonious
16   and its attorneys and consultants, demonstrate the extensive, multi-issue litigation
17   that can be avoided by a prompt, early ruling on Cleveland Golf's motion in this
18   case.  In those other litigations, numerous issues have been raised (and a January 18
19   hearing is scheduled in New Jersey) regarding, *e.g.*, (1) whether the plaintiff
20   Antonious Trust lacks title to the '754 Patent and thus has no standing to sue,
21   (2) whether the trustee of the Antonious Trust lacked authority to authorize suit, and
22   (3) whether Antonious's attorneys and consultants should be disqualified and/or
23   sanctioned for false representations, false *pro hac vice* applications, and conflicts of
24   interest.  *See, e.g.,* Docket Sheet for *Antonious v. Adams Golf et al.*, 2:08cv003253
25   (D.N.J) (Exhibit 31, attached hereto), and December 17, 2010 letter from John N.
26   Bain, counsel for Adams Golf, to Magistrate Judge Patty Shwartz (Exhibit 32,
27   attached hereto).  It would be unfair to deprive Cleveland Golf of an early ruling on
28

6

its potentially case-dispositive motion, thereby requiring Cleveland Golf (and the Court) to be put to the extraordinary burden and expense of litigating these same and other issues in a case that ultimately involves minimal if any potential damages.

**B.      Reexamined Claim 9 Of The '754 Patent Is Not**
       **Substantially Identical To Original '754 Patent Claim 4**

As explained in Cleveland Golf's original Supporting Memorandum, claim 9 of the '754 Patent is not "substantially identical" to original claim 4 at least because of Antonious's addition to claim 9 during reexamination, for the purpose of distinguishing prior art and obtaining allowance (not in response to a lack of clarity rejection), of the following limitations not found in claim 4: (1) "a portion thereof [of a slot] passing through, a virtual centerline"; (2) an aerodynamic configuration that is "within" a bottom surface; and (3) an aerodynamic configuration that is "substantially parallel to" the bottom surface.  In each of these respects, Antonious has failed to meet its burden of proving (*see* Supp. Memo., p. 10) that reexamined claim 9 is substantially identical to original claim 4.

Antonious's failure to counter these facts in its Opposition Memorandum should be dispositive.  As stated in the leading case on point, *Laitram IV*, 163 F.3d at 1348, the addition of claim limitations to distinguish over prior art and obtain allowance during reexamination "is a highly influential piece of prosecution history" demonstrating substantive changes in claim scope.

Each of the above-noted claim 9 features is discussed below.

**1.      Portion Of Slot Passing Through Virtual Centerline**

In its Opposition Memorandum, Antonious erroneously suggests in conclusory fashion that both original claim 4 and reexamined claim 9 include the feature that the slot passes through a virtual centerline of the club head, and that the changes to claim 9 with respect to this feature during reexamination thus merely clarified the claim language.  (Opp. Memo., pp. 14-15).  Antonious provides no

7

analysis explaining how this feature can possibly be interpreted to be part of original claim 4.

Antonious's own comparison of reexamined claim 9 with original claim 4 (Opp. Memo., Exhibit P) demonstrates that the claims are substantially different.  In original claim 4, the phrase "passing through" occurs only once: "centerline <u>passing through</u> a longitudinal in a heel-to-toe direction."  In reexamined claim 9, the phrase "passing through" occurs twice: (1) "a portion thereof [of the slot] <u>passing through</u> a virtual centerline"; and (2) "virtual centerline <u>passing</u> transversely <u>through</u> a heel-to-toe axis . . . ."  The second instance of "passing [transversely] through" in reexamined claim 9 essentially corresponds to the use of that phrase in original claim 4 because both phrases describe the position of a centerline with respect to a heel-to-toe axis/longitudinal.  However, claim 4 has no corresponding limitation to the first of the above "passing through" phrases in claim 9, which describes the location/orientation of the bottom surface slot with respect to the centerline.  This substantial difference is illustrated schematically below.



heel-to-toe axis
(longitudinal in a
heel-to-toe-direction)

Toe

Golf club head
bottom surface

Slot

virtual centerline
(bottom surface
centerline)

Heel

<u>Claim 9</u> -
virtual centerline passing
transversely through a
heel-to-toe axis
of the club head

<u>Claim 4</u> -
bottom surface centerline
passing through a longitudinal
in a heel-to-toe direction

<u>Claim 9</u> -
a portion of the slot passing
through a virtual centerline

<u>Claim 4</u> -
Limitation not present
in Claim 4

1    Although Antonious equates the differences in the claims to a mere

2    "clarification" in centerline terms (Opp. Memo., p. 15), it is apparent from the above

3    diagram that claim 9 includes a substantive limitation that is not present in claim 4

4    — that a portion of the <u>slot</u> must pass through a virtual centerline.  Such a wholly

5    added feature narrowing claim scope (Supp. Memo. at 15-16) cannot be considered

6    to be a mere clarification.  For example, in *Slimfold Mfg. Co. v. Kinkead Industries*,

7    810 F.2d 1113 (Fed. Cir. 1987), cited by Antonious (and previously distinguished in

8    Supp. Memo., p. 12), the phrase added to the reexamined claim ("a collar on said

9    sleeve") merely clarified original claim language that already recited both the collar

10   and the sleeve.  *Id.* at 1114.  The reexamined claim was revised only in response to a

11   rejection under 35 U.S.C. §112 ¶2 for lack of antecedent basis (a rejection based on

12   lack of clarity of the claim, not based on prior art).  *Id.*  Similarly, in *Tennant Co. v.*

13   *Hako Minuteman, Inc.*, 878 F.2d 1413 (Fed. Cir. 1989), also cited by Antonious

14   (and previously distinguished in Supp. Memo., p. 12), the change of "first wall" to

15   "first bottom wall" was held not to be a substantive change because the original

16   claim recited a "second bottom wall" such that it was apparent from the original

17   claim language that the "first wall" must also be a "bottom" wall.  *Id.* at 1417.

18   The *Slimfold* and *Tennant* cases thus both relate to circumstances where

19   existing claim language is merely clarified, and the scope of the claim is not

20   changed.  In contrast, reexamined claim 9 requires the entirely new feature that a

21   portion of the slot pass through the virtual centerline.  Antonious has pointed to

22   nothing that would indicate that this feature is a clarification of an existing feature of

23   claim 4.  Furthermore, as discussed in detail in Cleveland Golf's original Supporting

24   Memorandum (pp. 18-19), Antonious distinguished claim 9 over prior art during

25   reexamination based on the slot having a portion passing through a virtual centerline

26   of the club head, and the Examiner relied on this feature in allowing the claim, thus

27   further indicating the substantial difference in this regard between claims 9 and 4.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 2.   **Within**

In its Opposition Memorandum, Antonious also provides no reason why the phrase "within . . . said bottom surface" of reexamined claim 9 should be held to be substantially identical to the claim 4 phrase "on said bottom surface."  Indeed, Antonious does not even specifically address this limitation in the Opposition Memorandum, and discusses it as if it is subsumed in the "substantially parallel" limitation rather than being a separate limitation.

Antonious's proposed construction of "within" in its litigation with Adams Golf (submitted as Opp. Memo. Exhibits Q & R) demonstrates that the inclusion of this term in claim 9 constitutes a substantive change.  Both parties in the Adams Golf litigation proposed that the phrase "within" in claim 9 be construed to mean that "the aerodynamic configuration [c-shaped slot] lies fully inside the bounds of the bottom surface of the golf club, that is, a portion of the bottom surface of the golf club surrounds the aerodynamic configuration on all sides."  (Opp. Memo. Exhibit Q, p. 153; Opp. Memo. Exhibit R, p. 162).  Although the parties in the Adams Golf litigation did not propose constructions for claim 4, the term "on said bottom surface" in claim 4 is plainly different from, and broader than, the term "within."  For example, a slot could be "on" but abutting or overlapping the periphery of the bottom surface (*i.e.,* not surrounded by portions of the bottom surface), but such a configuration would not be considered to be "within" the bottom surface as defined by Antonious.

Here also, as discussed in Cleveland Golf's original Supporting Memorandum (pp. 18-19), Antonious relied on the "within said bottom surface" limitation to distinguish prior art applied during reexamination, and the Examiner allowed claim 9 based on this limitation.  This further indicates the substantial difference in this regard between reexamined claim 9 and original claim 4.

### 3. <u>Substantially Parallel</u>

In its Opposition Memorandum, Antonious discusses at length the claim 9 feature that the aerodynamic configuration is "substantially parallel" to the bottom surface, but its arguments are clearly without merit.  Antonious argues that original claim 4 should be construed to include a c-shaped slot that is substantially parallel with the bottom surface of the club head (Opp. Memo., pp. 12, 14), asserting that (1) references of record during the original prosecution of the '754 Patent (U.S. Patent No. Des. 350,176 to Antonious and U.S. Patent No. 5,456,469 to MacDougall) disclose concave structures in the sole plates that are not parallel to the bottom surface of the club head; and (2) the asserted "very function" of the '754 Patent invention, to increase club head speed and lift by concentrating air flow near the rear surface of the club head, allegedly cannot be achieved unless the slot is substantially parallel to the bottom surface.  (Opp. Memo., pp. 13-14).

Antonious's argument that original claim 4 should be construed to include a "substantially parallel" feature because the cited Antonious '176 and MacDougall prior art references lacked this feature is absurd.  The presence of limitations in a patent claim cannot be shown by the absence of those limitations in the prior art, and Antonious has not cited (and cannot cite) any case law supporting such a proposition.  Indeed, since claim 4 did not recite the "substantially parallel" limitation, the original Examiner would have had no reason to search for prior art references with such a feature.  It is also evident, from the Examiner's original statement of reasons for allowance, that claim 4 has other, explicit limitations that the Examiner believed distinguished over the prior art, *e.g.*, a c-shaped slot having an open end facing forwardly toward the ball striking face.  (Supp. Memo., p. 4; Ex. 8, p. 40).  Antonious's argument is an improper invitation to read a limitation into claim 4 that is simply not there (Supp. Memo., p. 20, *citing Laitram IV,* 163 F.3d at 1348), based (oddly) on the absence of such a feature in the prior art.

1    Nor is there any support for Antonious's argument that claim 4 must be
2    construed to require a slot that is "substantially parallel" to the bottom surface
3    because such a slot would be necessary to achieve an object of increasing club head
4    speed and lift.  The portion of the specification cited by Antonious (Opp. Memo., p.
5    13) makes no such connection between the "substantially parallel" feature and the
6    stated object.  Moreover, Antonious points to nothing else in the specification that
7    remotely suggests that a "substantially parallel" slot is required to achieve the stated
8    object such that claim 4 <u>must</u> be construed to have a substantially parallel slot.

9    Furthermore, the "very function of the '754 Patent" that Antonious cites is
10   taken from a portion of the specification that states "<u>Another</u> object is to provide a
11   golf club head which increases club head speed and lift . . . ."  (Opp. Memo., p. 13).
12   Antonious selects one object of the invention out of several and asserts that the
13   "substantially parallel" feature is required to achieve this one object and therefore
14   must be read into original claim 4.  However, it is improper to read a limitation into
15   a claim so that the claim encompasses a purported object or advantage of the
16   invention.  *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1325 (Fed. Cir. 2008), *citing*
17   *E-Pass Techs., Inc. v. 3Com Corp.*, 343 F.3d 1364 (Fed. Cir. 2003).

18   Thus, reexamined claim 9 of the '754 Patent is further substantially different
19   from original claim 4 by reason of the "substantially parallel" limitation.

20   **C.    Cleveland Golf Is Entitled To Its Two Forms Of Requested Relief**

21   Where a patent owner has failed to establish that a reexamined claim is
22   substantially identical to an original claim, as Antonious has failed here, 35 U.S.C.
23   §§307(b) and 252 together (1) preclude a patentee from recovering damages for any
24   infringing act occurring before a reexamination certificate is issued, and (2) further
25   provide an alleged infringer with "absolute intervening rights" to sell or use, after
26   the issuance of a reexamination certificate, any specific thing that was in existence
27
28

1  in the United States before the reexamination certificate.  (Supp. Memo., p. 9).
2  Cleveland Golf is entitled to both forms of relief.

3       Both paragraphs of §252 apply to reexamination claims pursuant to §307(b),
4  including the second paragraph (not cited in Antonious's Opposition Memorandum)
5  relating to intervening rights.  *Fortel,* 825 F.2d at 1579-80.  Yet, Antonious
6  erroneously implies, purportedly based upon *Fortel*, that intervening rights are
7  irrelevant to reexaminations. (Opp. Memo., p. 9).  Intervening rights were not
8  relevant in *Fortel* because, in that case, the accused infringer ceased all allegedly
9  infringing activity before the date of the reexamination certificate.  *See Fortel*, 825
10 F.2d at 1580.  However, intervening rights are relevant to this motion because a
11 small number of Cleveland Golf's accused products were imported into the United
12 States before, but sold after, the date of the Reexamination Certificate.

13      In *Atlantic Construction*, the court correctly held that because reexamined
14 claims were substantively changed, the defendant was not liable for activities
15 occurring prior to the date of the Reexamination Certificate, or for sales occurring
16 thereafter of products that the defendant had in inventory before the date of the
17 Reexamination Certificate.  2008 WL 4414763, * 6.  Cleveland Golf is likewise
18 entitled to judgment that damages are precluded (1) for sales of accused products
19 prior to the date of the Reexamination Certificate, and (2) for sales after the date of
20 the Reexamination Certificate of products that were in Cleveland Golf's inventory
21 before the date of the Reexamination Certificate.

22
23
24
25
26
27
28

1

**III.    CONCLUSION**

2

      For the above reasons, and the reasons presented in Cleveland Golf's original

3

Supporting Memorandum, the Court is respectfully requested to grant Cleveland

4

Golf's motion for partial summary judgment.

5

                                    Respectfully submitted,

6

                                    **CANNON & NELMS, A PC**

7

                                    **OLIFF & BERRIDGE, PLC**

8

Dated: December 27, 2010

9

                     By:  /s/ Edward P. Walker

10

                         Anthony L. Cannon
                         Edward P. Walker

11

                         John W. O'Meara

12

                         Attorneys for

13

                         Defendant/Counterclaim Plaintiff,
                         ROGER CLEVELAND GOLF

14

                         COMPANY, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28